164 N.J. Super. 141 (1978)
395 A.2d 902
JANICE NEWSON AND ROYAL GLOBE INSURANCE CO., PLAINTIFFS-APPELLANTS,
v.
THE HERTZ CORPORATION AND NELSON LOPEZ, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 31, 1978.
Decided December 5, 1978.
*143 Before Judges LYNCH, CRANE and HORN.
Messrs. Haggerty & Donohue, attorneys for appellants (Mr. John S. Fitzpatrick, of counsel; Mr. James F. Supple on the brief).
Messrs. Philip M. Lustbader and David Lustbader attorneys for respondents (Ms. Susan L. Moreinis on the brief).
The opinion of the court was delivered by CRANE, J.A.D.
This matter is before us by virtue of a notice of appeal which was filed on behalf of both plaintiffs. The complaint alleged in the first count a cause of action on behalf of Janice Newson for personal injuries; the second count alleged that Royal Globe Insurance Company paid sums of money to Janice Newson, its insured, and a passenger in her car, Hope Monroe, under the personal injury protection *144 clause of its policy. On the day of trial defendants moved to dismiss the complaint on the ground that the court had no jurisdiction by reason of the provisions of N.J.S.A. 39:6A-9. Although the arguments below dealt solely with the subrogation rights of Royal Globe, the order entered by the court dismissed the entire complaint, including the personal injury count filed on behalf of Janice Newson.
No argument concerning the cause of action asserted on behalf of Janice Newson was made below nor is any asserted here. Nonetheless, in the absence of a representation that her claims have been abandoned, we deem it our duty to examine the record with regard to her cause of action and have done so on our initiative.
Even if Newson has received personal injury protection benefits, her claim for pain, suffering and disability would not be barred as against the owner and operator of an automobile to which N.J.S.A. 39:6A-4 applies (an automobile covered by no-fault insurance) if her medical expenses were $200 or more or if her bodily injuries were other than "soft tissue" injuries. N.J.S.A. 39:6A-8; Pennsylvania Mfrs. Ass'n Ins. Co. v. Government Empl. Ins. Co., 136 N.J. Super. 491, 498 (App. Div. 1975), aff'd o.b. 72 N.J. 348 (1977); Seskine v. Cone, 139 N.J. Super. 307 (Law Div. 1976); Rugamer v. Thompson, 130 N.J. Super. 181 (Law Div. 1974). But, admittedly, the vehicle owned by Hertz and driven by Lopez was a truck. Presumably it was not a vehicle included within the definition of an automobile in N.J.S.A. 39:6A-2. Moreover, according to the stipulation of counsel, Hertz is self-insured. See N.J.S.A. 45:21-8; Zuppa v. Hertz Corp., 111 N.J. Super. 419 (Cty. D. Ct. 1970). It is not therefore entitled to the limitation of liability provided by N.J.S.A. 39:6A-8.
The judge below determined that the subrogation claim of Royal Globe was barred by N.J.S.A. 39:6A-9. During the time it was in effect, N.J.S.A. 39:6A-9 prohibited insurers from exercising their rights of subrogation *145 against other insurers except by means of intercompany arbitration. By its own terms, the section became inoperative two years after its effective date. There is no indication in the statute, N.J.S.A. 39:6A-1 et seq., of an intention to modify the existing law of subrogation except as it relates to intercompany arbitration. See Pennsylvania Mfrs. Ass'n Ins. Co. v. Government Empl. Ins. Co., supra 136 N.J. Super. at 498. Nor do we find any language in any of the statutory provisions of N.J.S.A. 39:6A-1 et seq., which remotely suggests that an insurer is barred from bringing a subrogation action against the owner or operator of a motor vehicle which is not insured in accordance with the provisions of the act. Cf. Cirelli v. Ohio Casualty Insurance Co., 72 N.J. 380 (1977). Marriner v. Koenig, 148 N.J. Super. 363, 365 (Law Div. 1977).
The judgment is reversed and the cause is remanded to the Law Division for further proceedings consistent with this opinion. We do not retain jurisdiction.