279 N.J. Super. 485 (1995)
653 A.2d 587
SHIRLENE SPENCER STAMPS, PLAINTIFF-APPELLANT,
v.
NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1995.
Decided February 17, 1995.
*486 Before Judges SHEBELL, SKILLMAN and KLEINER.
Margulies, Wind, Herrington & Katz, attorneys for appellant (Clifford A. Herrington, on the brief).
Edward P. Papalia, Jr., attorney for respondent (Joseph J. Michalowski, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Plaintiff suffered personal injuries on July 31, 1990, when her automobile collided with an uninsured truck. On the date of this accident, plaintiff had an automobile liability insurance policy issued by defendant. When she applied for this insurance coverage, plaintiff elected the "verbal threshold" under which she could seek recovery for "noneconomic loss" only in the circumstances specified in N.J.S.A. 39:6A-8(a).
Defendant paid personal injury protection (PIP) benefits to plaintiff in accordance with the provisions of N.J.S.A. 39:6A-4 for her economic losses resulting from this accident. However, defendant denied plaintiff's claim for uninsured motorist benefits, taking the position that N.J.S.A. 17:28-1.1(a), which governs such benefits, subjects her claim to the verbal threshold and that her injuries do not satisfy this threshold.
Plaintiff then filed this action for a declaratory judgment that her claim for uninsured motorist benefits is not subject to the verbal threshold. The trial court, agreeing with defendant's contention *487 that N.J.S.A. 17:28-1.1(a) subjects plaintiff's claim to the verbal threshold, granted defendant summary judgment. We affirm.
N.J.S.A. 17:28-1.1(a) provides in pertinent part:
[U]ninsured motorist coverage shall provide that in order to recover for non-economic loss, as defined in [N.J.S.A. 39:6A-2], for accidents to which the benefits of [N.J.S.A. 39:6A-4] apply, the tort option elected pursuant to [N.J.S.A. 39:6A-8] shall apply to that injured person.
The insurance policy defendant issued to plaintiff also reflected this limitation upon uninsured motorist benefits.[1]
Plaintiff admits that she elected the verbal threshold option provided by N.J.S.A. 39:6A-8(a). However, plaintiff argues that this election does not apply to her claim for uninsured motorist benefits, because the verbal threshold option applies only when the other vehicle involved in an accident is an automobile covered by the PIP benefits provided under N.J.S.A. 39:6A-4. Since the other vehicle in plaintiff's accident was a truck and thus plaintiff's cause of action against the truck driver would not be subject to the verbal threshold, N.J.S.A. 39:6A-2(a); see Newson v. Hertz Corp., 164 N.J. Super. 141, 144, 395 A.2d 902 (App.Div. 1978), plaintiff reasons that her claim for uninsured motorist benefits is likewise exempt from her election of the verbal threshold.
However, plaintiff's claim for uninsured motorist benefits is not governed by N.J.S.A. 39:6A-8 but rather by N.J.S.A. 17:28-1.1(a). This section clearly states that "the tort option elected pursuant to *488 [N.J.S.A. 39:6A-8] shall apply to" any claim "for non-economic loss" arising out of an accident "to which the benefits of [N.J.S.A. 39:6A-4] apply." Plaintiff's accident was indisputably one "to which the benefits of [N.J.S.A. 39:6A-4] apply" because she was operating her own automobile at the time. In fact, plaintiff has already recovered PIP benefits in connection with this accident. It follows under the express terms of N.J.S.A. 17:28-1.1(a) that the tort option she elected pursuant to N.J.S.A. 39:6A-8, which was the verbal threshold, applies to her claim for uninsured motorist benefits.
Although uninsured motorist benefits have been characterized as "compensation for the uninsured driver's common law liability," Montedoro v. City of Asbury Park, 174 N.J. Super. 305, 308, 416 A.2d 433 (App.Div. 1980), the application of the verbal threshold to an injured party's claim against his or her own insurance carrier for uninsured motorists benefits is significantly different from its application to a negligence claim against an alleged tortfeasor. Under N.J.S.A. 17:28-1.1(a), an insured's election of the verbal threshold is sufficient by itself to trigger the application of this threshold to his or her claim for uninsured motorist benefits. However, to trigger the application of the verbal threshold to a common law negligence claim, not only must the insured have elected the verbal threshold, but in addition, the alleged tortfeasor must be entitled to the no fault PIP benefits provided under N.J.S.A. 39:6A-4. See Weiss v. Thomas, 274 N.J. Super. 37, 41-42, 643 A.2d 29 (App.Div. 1994). This second precondition to the application of the verbal threshold to a tort claim is imposed by the first clause of N.J.S.A. 39:6A-8(a), which states in pertinent part:
Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A. 39:6A-4] applies,... is hereby exempted from tort liability for noneconomic loss [to any person who is required to maintain or is entitled to receive PIP benefits and who elects this option, unless that person has sustained a personal injury which satisfies one of the verbal thresholds].
There is no comparable provision in N.J.S.A. 17:28-1.1(a).
Indeed, since an uninsured motorist has no insurance coverage at all and thus cannot be an "operator ... of an automobile to *489 which [N.J.S.A. 39:6A-4] applies," there is no circumstance under which any uninsured motorist claim, including one involving an uninsured automobile, could ever satisfy this precondition to the application of the verbal threshold under N.J.S.A. 39:6A-8(a). Fennell v. Ferreira, 133 N.J. Super. 63, 70, 335 A.2d 84 (Law Div. 1975). Consequently, if we accepted plaintiff's contention that N.J.S.A. 17:28-1.1(a) incorporates by reference all the preconditions to the application of the verbal threshold set forth in N.J.S.A. 39:6A-8(a), the verbal threshold would never bar a claim for uninsured motorist benefits. This result would effectively negate the verbal threshold provision contained in N.J.S.A. 17:28-1.1(a), contrary to the principle that a court should avoid a construction of a statute that renders any provision "inoperative, superfluous or meaningless." Paper Mill Playhouse v. Millburn Township, 95 N.J. 503, 521, 472 A.2d 517 (1984) (quoting Abbotts Dairies v. Armstrong, 14 N.J. 319, 328, 102 A.2d 372 (1954)). Therefore, we are satisfied that N.J.S.A. 17:28-1.1(a) should be read in conformity with its literal terms to apply to any claim for uninsured motorist benefits under the policy of an insured who has selected the verbal threshold.
Affirmed.
NOTES
[1] The pertinent policy exclusion stated:

We do not provide coverage under this endorsement [for uninsured motorist coverage] for "property damage" or "bodily injury" sustained by any person:
........
For damages for pain, suffering and inconvenience resulting from "bodily injury" caused by an accident involving an "uninsured motor vehicle," unless the injured person has a legal right to recover damages for such pain, suffering and inconvenience under the New Jersey No-Fault Law. The injured person's legal right to recover damages for pain, suffering and inconvenience under the New Jersey No-Fault Law will be determined by the liability tort limitation, if any, applicable to that person.