984 A.2d 872

EDWARD ZABILOWICZ, PLAINTIFF-APPELLANT, v. ROSLYNE KELSEY, DEFENDANT-RESPONDENT.

Argued October 14, 2009—Decided December 17, 2009.

*Frank N. DiMeo, Jr.,* argued the cause for appellant (*Rosen, Schafer & DiMeo,* attorneys).

*Sanford D. Kaplan,* argued the cause for respondent (*Muscio & Kaplan,* attorneys).

Justice ALBIN delivered the opinion of the Court.

Under New Jersey's system of no-fault automobile insurance, owners of motor vehicles registered or principally garaged in New Jersey have certain legal obligations. First, they must purchase standard, basic, or special insurance coverage for their automobiles. *N.J.S.A.* 39:6B–1; *see also Caviglia v. Royal Tours of Am.,* 178 *N.J.* 460, 466, 842 *A.2d* 125 (2004). Second, every automobile insurance policy must provide "personal injury protection [ (PIP) ] benefits"—the payment of medical expenses to the insured and his family household members who suffer bodily injury in an automobile accident. *See N.J.S.A.* 39:6A–4, –3.1(a), –3.3(b)(1); *see also Caviglia, supra,* 178 *N.J.* at 466, 842 *A.2d* 125. Those medical benefits are paid without regard to who caused the accident, giving rise to the moniker "no-fault" insurance. *Caviglia, supra,* 178 *N.J.* at 466, 842 *A.2d* 125; *see also N.J.S.A.* 39:6A–4. Third, New Jersey policyholders—in exchange for lower premium payments—have the option of selecting the limitation-on-lawsuit threshold, which restricts their right to sue for "noneconomic loss" if injured in an accident.[1] *DiProspero v. Penn,* 183 *N.J.* 477, 480–81 & n. 1, 874 *A.2d* 1039 (2005); *see also N.J.S.A.* 39:6A–8(a).

---

[1] The lawsuit threshold applies to "the named insured and any immediate family member residing in the named insured's household." *N.J.S.A.* 39:6A–

Those covered by the limitation-on-lawsuit threshold may not sue a tortfeasor for noneconomic damages unless they suffer a serious or permanent bodily injury, as defined in *N.J.S.A.* 39:6A–8(a) (identifying six categories of injuries that vault limitation-on-lawsuit threshold). *DiProspero, supra,* 183 *N.J.* at 481, 497–98, 874 *A.*2d 1039. Significantly, a New Jersey policyholder who chooses the lawsuit threshold may nonetheless sue for noneconomic damages *if* the tortfeasor is not a participant in this State's no-fault system and therefore is not insured for PIP benefits. *See N.J.S.A.* 39:6A–8(a).

In this case, plaintiff, a Pennsylvania resident, while driving a vehicle in New Jersey, was allegedly rear-ended by a car operated by defendant, also a Pennsylvania resident. Although both had automobile insurance, only plaintiff was insured by a carrier authorized to do business in New Jersey. *N.J.S.A.* 17:28–1.4—known as the "Deemer Statute"—provides benefits and burdens to out-of-state drivers insured by companies authorized to do business in New Jersey.[2] On the one hand, such out-of-state drivers, like New Jersey policyholders, receive PIP benefits on a no-fault basis under *N.J.S.A.* 39:6A–4; on the other hand, they are subject to the limitation-on-lawsuit threshold, as defined in *N.J.S.A.* 39:6A–8(a).

The issue before us is whether, pursuant to *N.J.S.A.* 17:28–1.4, plaintiff is bound by the limitation-on-lawsuit threshold when an out-of-state tortfeasor, such as defendant, is not insured by a

---

8.1(a). " 'Noneconomic loss' means pain, suffering and inconvenience." *N.J.S.A.* 39:6A–2(i).

2 *N.J.S.A.* 17:28–1.4 apparently acquired its name as the Deemer Statute because it "deems" New Jersey insurance coverage and tort limitations to apply to out-of-state policies. *Cf. Whitaker v. DeVilla,* 147 *N.J.* 341, 344, 687 *A.*2d 738 (1997); *see also Gov't Employees Ins. Co. v. Allstate Ins. Co.,* 358 *N.J.Super.* 555, 560, 818 *A.*2d 474 (App.Div.2003) ("[F]rom this consequence, the law acquired the name by which it is commonly known, the [D]eemer [S]tatute."); *Lusby v. Hitchner,* 273 *N.J.Super.* 578, 583–84, 642 *A.*2d 1055 (App.Div.1994) ("[T]he statute eponymously 'deems' that the policy includes the required coverage.").

carrier doing business in New Jersey and therefore is not entitled to New Jersey PIP benefits. The trial court dismissed plaintiff's personal injury suit because he could not prove a qualifying injury under *N.J.S.A.* 39:6A–8(a). The Appellate Division affirmed.

We now reverse. Plaintiff is subject to all of the provisions of *N.J.S.A.* 39:6A–8(a) pursuant to the Deemer Statute. Under the plain language of *N.J.S.A.* 39:6A–8(a), the limitation-on-lawsuit threshold can be invoked only by a defendant who is eligible to receive New Jersey PIP benefits. Because defendant's out-of-state insurance policy does not provide her with this State's PIP benefits, she is subject to suit for noneconomic damages without restriction under *N.J.S.A.* 39:6A–8(a).

I.

Plaintiff Edward Zabilowicz filed a lawsuit in the Atlantic County Superior Court, Law Division, alleging that on October 18, 2005, defendant Roslyne Kelsey's automobile struck his Chevy truck from behind while he was stopped in traffic at an intersection in Pleasantville, New Jersey. Plaintiff claims that, as a result of defendant's negligence, he has "suffered severe, permanent and painful bodily injuries."

Both plaintiff and defendant are residents of Pennsylvania and are covered by automobile insurance policies written in that state. Plaintiff is insured by State Farm Mutual Automobile Insurance Company, which is authorized to do business in New Jersey. Defendant's insurance carrier, Infinity, is not authorized to do business in this State.

Defendant moved for summary judgment, asserting that plaintiff's injuries did not satisfy the limitation-on-lawsuit threshold and therefore plaintiff could not collect damages for pain and suffering. Plaintiff responded that under the plain terms of *N.J.S.A.* 39:6A–8(a), the limitation-on-lawsuit threshold did not apply. He argued that the threshold can only be invoked by defendants who have been issued insurance policies by companies doing business in New Jersey and are thus entitled to receive PIP benefits. Plain-

tiff conceded that his injuries did not fall into any of the six categories in *N.J.S.A.* 39:6A–8(a). Accordingly, plaintiff could not sue for noneconomic damages *if* the threshold applied.

For purposes of the summary judgment motion, the parties did not dispute any material facts. On the contested issue of law, the court determined that the limitation-on-lawsuit threshold applied to plaintiff by reason of the Deemer Statute. Because plaintiff did not have a qualifying injury under *N.J.S.A.* 39:6A–8(a) that allowed him to sue for pain and suffering, the court granted summary judgment in favor of defendant and dismissed plaintiff's personal injury action.[3]

In an unpublished per curiam opinion, the Appellate Division affirmed the dismissal of the action. The panel also concluded that "an out-of-state plaintiff insured by an insurance company authorized to transact business in New Jersey is subject to the New Jersey verbal threshold limitation under the [D]eemer ⌊S⌋tatute." [4]

We granted plaintiff's petition for certification. *Zabilowicz v. Kelsey*, 198 *N.J.* 474, 968 *A.2d* 1190 (2009).

## II.

Plaintiff and defendant contest the interpretation of our laws, not the facts of the case. We review the law de novo and owe no deference to the trial court and Appellate Division if they have wrongly interpreted a statute. *M.S. v. Millburn Police*

---

[3] The payment of plaintiff's recoverable medical expenses is not at issue. Those expenses, apparently, were paid by plaintiff's insurance company.

[4] We note that "verbal" threshold is used as a shorthand term to describe the limitation-on-lawsuit threshold. The modern "limitation on lawsuit" threshold was adopted as part of the 1998 Automobile Insurance Cost Reduction Act (AICRA). *L.* 1998, *c.* 21, § 11. It replaced the older "verbal" threshold, which required a plaintiff to show that her injuries met one of nine statutory categories and that she had suffered a serious life impact. *See generally DiProspero, supra,* 183 *N.J.* at 485–89, 874 *A.2d* 1039 (discussing development of tort limitations in New Jersey automobile insurance law).

*Dep't*, 197 *N.J.* 236, 246 n. 10, 962 *A.*2d 515 (2008); *Manalapan Realty, L.P. v. Twp. Comm.*, 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

In deciding the issue before us, we must look to the interrelationship between two statutes, *N.J.S.A.* 17:28–1.4, the Deemer Statute, and *N.J.S.A.* 39:6A–8(a), which define when the limitation-on-lawsuit threshold shall apply to an out-of-state plaintiff bringing a personal injury action arising from an automobile accident. Both statutes are part of New Jersey's comprehensive scheme of no-fault automobile insurance.

We begin as we must with the plain language of the statutes, mindful that the ordinary meaning and significance given to the words chosen by the Legislature are generally the best indicators of statutory intent. *DiProspero, supra*, 183 *N.J.* at 492, 874 *A.*2d 1039. We must read the two applicable statutes in context with each other and in context with the overall legislative scheme governing automobile insurance. *Ibid.* It is our purpose to give life to the statutory language, not to "rewrite a plainly-written enactment of the Legislature." *Ibid.* (citation omitted). Therefore, we will presume that the Legislature intended the outcome dictated by the clear language of the statute. *Ibid.* Only if the words of the enactment are shrouded in ambiguity will we turn to other sources in search of legislative intent. *Id.* at 492–93, 874 *A.*2d 1039.

A.

We first look to the specific language of the Deemer Statute. *N.J.S.A.* 17:28–1.4 requires insurers authorized to transact automobile insurance business in New Jersey to provide coverage to out-of-state residents consistent with New Jersey law "whenever the automobile or motor vehicle insured under the policy is used or operated in this State." Under the Deemer Statute, those insurance companies must provide out-of-state resi-

dents with liability insurance pursuant to *N.J.S.A.* 39:6B–1 or *N.J.S.A.* 39:6A–3, uninsured motorist insurance pursuant to *N.J.S.A.* 17:28–1.1, and personal injury protection benefits pursuant to *N.J.S.A.* 39:6A–4 or *N.J.S.A.* 17:28–1.3. In addition to that mandated coverage, the Deemer Statute provides that the named insured and his or her immediate family members "shall be subject to the tort option specified in subsection a. of [*N.J.S.A.* 39:6A–8]."[5] *N.J.S.A.* 17:28–1.4. In short, the Deemer Statute furnishes the covered out-of-state driver with New Jersey's statutory no-fault PIP and other benefits and, in exchange, deems that driver to have selected the limitation-on-lawsuit option of *N.J.S.A.* 39:6A–8(a).[6]

---

[5] For purposes of our analysis, the relevant part of *N.J.S.A.* 17:28–1.4 reads:

In addition, any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of [*N.J.S.A.* 39:6B–1(a)] or [*N.J.S.A.* 39:6A–3], the uninsured motorist insurance requirements of [*N.J.S.A.* 17:28–1.1(a)], and personal injury protection benefits coverage pursuant to [*N.J.S.A.* 39:6A–4] or of [*N.J.S.A.* 17:28–1.3], whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, and any immediate family member as defined in [*N.J.S.A.* 39:6A–8. 1], under that policy, shall be subject to the tort option specified in subsection a. of [*N.J.S.A.* 39:6A–8].

[6] Extending this State's liability and no-fault insurance laws to covered out-of-state drivers generates a real benefit to both New Jersey residents injured by those drivers and medical providers. Our injured residents can turn to an insurance policy at least as generous as one that must be maintained by a New Jersey driver. *See* Cynthia M. Craig & Daniel J. Pomeroy, *New Jersey Auto Insurance Law: No Fault (PIP), Uninsured & Underinsured Motorists* § 3:3 at 59 (2009). Additionally, medical providers in this State tending to the injuries suffered by the covered out-of-state driver are ensured that their medical bills will be paid to the extent of the applicable PIP coverage. *See Adams v. Keystone Ins. Co.*, 264 *N.J.Super.* 367, 377–78, 624 *A.2d* 1008 (App.Div.1993) ("New Jersey

In *Whitaker v. DeVilla,* we upheld the constitutionality of the Deemer Statute, which imposed the limitation-on-lawsuit threshold on an out-of-state plaintiff. 147 *N.J.* 341, 355–58, 687 *A.*2d 738 (1997). We found that the Legislature, in an effort to contain the rising cost of automobile insurance premiums, made a constitutionally permissible policy determination by imposing the limitation-on-lawsuit threshold on non-residents who are injured in New Jersey and insured by carriers authorized to transact insurance business in this State. *Id.* at 356–57, 687 *A.*2d 738. We noted that the limitation-on-lawsuit option is deemed to apply even if a plaintiff has selected, and paid for, full tort coverage in his out-of-state insurance policy. *Id.* at 355–56, 687 *A.*2d 738. In *Whitaker,* the defendant/tortfeasor presumably was insured for PIP benefits under *N.J.S.A.* 39:6A–4.

The Pennsylvania plaintiff in this case is insured by a carrier transacting automobile insurance in New Jersey and therefore is bound by the Deemer Statute. Because defendant is not insured by a carrier doing business in this State, she does not fall within the sweep of the Deemer Statute and is not covered by the no-fault PIP provisions of *N.J.S.A.* 39:6A–4. We must address the issue that was not before the *Whitaker* Court—whether an out-of-state defendant not eligible for New Jersey PIP benefits can invoke the limitation-on-lawsuit threshold against a plaintiff covered by the Deemer Statute.

We now turn to "the tort option specified in subsection a. of [*N.J.S.A.* 39:6A–8]" that is applicable to plaintiff under the Deemer Statute.

B.

*N.J.S.A.* 39:6A–8 reads in relevant part:

has an interest in ensuring that persons injured in this state receive prompt and proper medical care and in assuring that the medical care facilities and practitioners who provide such care will be paid ").

*a. Limitation on lawsuit option. Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A. 39:6A-4], personal injury protection coverage, [N.J.S.A. 39:6A-3.1], medical expense benefits coverage, or [N.J.S.A. 39:6A-3.3] regardless of fault, applies, ... is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection* and who is either a person who is required to maintain personal injury protection coverage pursuant to [N.J.S.A. 39:6A-4], medical expense benefits pursuant to [N.J.S.A. 39:6A-3.1] or benefits pursuant to [N.J.S.A. 39:6A-3.3], or is a person who has a right to receive benefits under [N.J.S.A. 39:6A-4], [N.J.S.A. 39:6A-3.1] or [N.J.S.A. 39:6A-3.3], as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. [N.J.S.A. 39:6A-8(a) (emphasis added).] [7]

By the clear language of the statute, a defendant who wishes to invoke the limitation-on-lawsuit threshold against a plaintiff must demonstrate that she is eligible for no-fault PIP benefits under either *N.J.S.A.* 39:6A-3.1, -3.3, or -3.4. Unless the defendant meets this initial burden, the remainder of the statute does not apply. Therefore, a defendant without a statutory entitlement to PIP benefits cannot insist that an injured plaintiff prove a qualifying injury within one of the six categories set forth in *N.J.S.A.* 39:6A-8(a), even though the plaintiff is otherwise bound by the limitation-on-lawsuit threshold.

One of the rationales for the limitation-on-lawsuit threshold "[is] to offset the costs to insurers of a system that mandates the prompt payment of medical expenses resulting from automobile accidents." *See* Cynthia M. Craig & Daniel J. Pomeroy, *New Jersey Auto Insurance Law: No Fault (PIP), Uninsured & Underinsured Motorists* § 15:3-3 at 278 (2009). An insurer of a defendant not participating in New Jersey's no-fault system is not "subject to the monetary quid pro quo that justifies making the [limitation-on-lawsuit] threshold available to a PIP-eligible defendant." *Ibid.* It is for that reason that a defendant ineligible for

---

[7] PIP benefits triggering the threshold include those provided by the "standard," *N.J.S.A.* 39:6A-4, "basic," *N.J.S.A.* 39:6A-3.1, and "special," *N.J.S.A.* 39:6A-3.3, automobile policies allowed by statute.

PIP benefits cannot assert the limitation-on-lawsuit threshold as a defense. *Ibid.*

### C.

■■■ Defendant would have the Court read out of *N.J.S.A.* 39:6A–8(a) the requirement that she must be eligible for New Jersey PIP coverage to benefit from the limitation-on-lawsuit threshold. The critical language of the Deemer Statute, however, makes plaintiff, as a covered out-of-state driver, "subject to the tort option specified in subsection a. of [*N.J.S.A.* 39:6A–8]." This reference to *N.J.S.A.* 39:6A–8(a) does not suggest that one part of the statute shall apply and another not. We cannot read just half of *N.J.S.A.* 39:6A–8(a) when the Deemer Statute pointedly references the entirety of subsection (a). We must read the statute as a whole, giving meaning to each of its parts. *See DiProspero, supra,* 183 *N.J.* at 492, 874 *A.2d* 1039. Simply stated, an out-of-state defendant who is not eligible to receive New Jersey PIP benefits cannot find shelter under *N.J.S.A.* 39:6A–8(a) and may be sued for pain and suffering damages without regard to the threshold. *Loftus–Smith v. Henry,* 286 *N.J.Super.* 477, 487, 669 *A.2d* 852 (App.Div.1996).

■■■ As indicated earlier, we will not rewrite a plainly written statute or remove a statutory qualification included within a comprehensive legislative scheme. If the Legislature, through the Deemer Statute, intended to restrict plaintiff's right to sue for pain and suffering caused by the negligence of an out-of-state driver who is not part of New Jersey's PIP system, then the wording of *N.J.S.A.* 17:28–1.4 would simply read that plaintiff is "subject to the requirement of proving an injury falling into one of the six categories set forth in *N.J.S.A.* 39:6A–8(a)." The Legislature knows how to draft a statute to achieve that result when it wishes to do so. For example, an automobile accident victim seeking to recover noneconomic damages from the Unsatisfied Claim and Judgment Fund must show that the injured person "*sustained an injury described* in [*N.J.S.A.* 39:6A–8(a)]." *N.J.S.A.* 39:6–70(n) (emphasis added); *see generally Jimenez v.*

*Baglieri*, 152 *N.J.* 337, 704 *A.2d* 1285 (1998). Unlike the Deemer Statute, which incorporates by reference all of *N.J.S.A.* 39:6A–8(a), *N.J.S.A.* 39:6–70(n) instead directs the inquiry specifically to an injury qualifying under *N.J.S.A.* 39:6A–8(a).[8]

Nothing in the legislative history concerning the Deemer Statute and *N.J.S.A.* 39:6A–8(a) conflicts with our plain reading of those statutes. Moreover, the quid pro quo presented to New Jersey drivers under our no-fault system is no different for out-of-state residents insured by carriers doing business in this State. Under the Deemer Statute, in exchange for prompt payment of medical bills, the out-of-state insured gives up the unlimited right to sue for pain and suffering, provided that the defendant is eligible to receive New Jersey PIP benefits. A defendant—such as the one here—who is not participating in New Jersey's no-fault system does not receive the benefit of invoking the *N.J.S.A.* 39:6A–8(a) limitation-on-lawsuit threshold as a defense.

■ Defendant is not disadvantaged under this statutory scheme. The Deemer Statute does not impose the limitation-on-lawsuit threshold on non-residents who are "insured by carriers not authorized to transact business in New Jersey." *Whitaker, supra*, 147 *N.J.* at 356, 687 *A.2d* 738; *see also Comitale v. Masters*, 302 *N.J.Super.* 291, 295, 695 *A.2d* 337 (App.Div.1997) (holding that threshold did not apply to out-of-state plaintiff not

---

8 We decline defendant's invitation to pass judgment on *Stamps v. New Jersey Automobile Full Insurance Underwriting Ass'n*, 279 *N.J.Super.* 485, 653 *A.2d* 587 (App.Div.), *certif. denied*, 141 *N.J.* 96, 660 *A.2d* 1195 (1995). That case involved a plaintiff's uninsured motorist coverage claim against her carrier under *N.J.S.A.* 17:28–1.1(a) for recovery of noneconomic damages resulting from a collision with an uninsured truck. *Id.* at 486, 653 *A.2d* 587. The Appellate Division found that the plaintiff, who had selected the threshold, had to show a qualifying injury. *Id.* at 489, 653 *A.2d* 587. The *Stamps* court concluded that "the application of the verbal threshold to an injured party's claim against his or her own insurance carrier for uninsured motorists benefits is significantly different from its application to a negligence claim against an alleged tortfeasor." *Id.* at 488, 653 *A.2d* 587. *Stamps* implicated a different statute and other policy considerations. The present case is not the appropriate vehicle for reviewing *Stamps*.

covered by Deemer Statute). That is because those non-resident insureds, if injured in an automobile accident in this State, "would not receive the benefit of New Jersey's minimum mandatory liability coverage, uninsured motorist coverage, or personal injury protection coverage that the [D]eemer [S]tatute mandates for non-residents insured through New Jersey authorized insurers." *Whitaker, supra*, 147 *N.J.* at 356, 687 *A.*2d 738.

Defendant's problem is not the Deemer Statute, but the fact that she is not participating in New Jersey's no-fault system. Had a New Jersey resident, rather than plaintiff, selected the insurance policy's limitation-on-lawsuit option, and were defendant the tortfeasor, defendant would be in the same position. She could not invoke the threshold as a defense because she is not participating in New Jersey's no-fault system of PIP benefits.

## III.

A defendant who causes an automobile accident and is not eligible for PIP benefits cannot bind a plaintiff to the limitation-on-lawsuit threshold set forth in *N.J.S.A* 39:6A–8(a). Under the Deemer Statute, plaintiff could have been subject to the limitation-on-lawsuit threshold because he had no qualifying injury under *N.J.S.A* 39:6A–8(a). In this case, however, plaintiff is not statutorily barred from recovering pain and suffering damages because defendant is ineligible to collect New Jersey PIP benefits.[9] We reverse the grant of summary judgment in defendant's favor and remand to the trial court for proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice RABNER and Justices LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—6.

*Opposed*—None.

---

[9] We note that plaintiff selected the limited tort option under his Pennsylvania policy. We express no opinion on the application of that contractual provision in this case.