NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0289-15T3

RYAN FELEGI,

 Plaintiff-Appellant,

v.

STONEY BROOK GRILLE,

 Defendant-Respondent,

and

CHRISTOPHER KOSOVICH,

 Defendant.
__________________________________

 Argued May 23, 2017 - Decided June 26, 2017

 Before Judges Koblitz and Mayer.

 On appeal from the Superior Court of New
 Jersey, Law Division, Somerset County, Docket
 No. L-349-13.

 Kyle G. Schwartz argued the cause for
 appellant.

 AnnMarie Flores argued the cause for
 respondent MK Food Service d/b/a Stoney Brooke
 Grille (Gage Fiore, LLC, attorneys; Ms.
 Flores, on the brief).
PER CURIAM

 Plaintiff Ryan Felegi appeals the trial court's June 26, 2015

order, granting summary judgment in favor of defendant MK Food

Service d/b/a Stoney Brooke Grille, improperly pled as Stoney

Brook Grille (Grille). Plaintiff also appeals the August 7, 2015

order denying his motion for reconsideration. We affirm both

orders.

 Plaintiff filed a complaint alleging personal injuries caused

by defendant Christopher Kosovich arising from a stabbing outside

a restaurant known as the Grille. Plaintiff claimed the Grille

was negligent in providing security to its patrons and was

negligent in serving alcohol to a visibly intoxicated person in

violation of the New Jersey Licensed Alcoholic Beverage Server

Fair Liability Act, N.J.S.A. 2A:22A-1 to -7 (Dram Shop Act).

 To support his negligent security claim, plaintiff retained

an expert, who opined that the Grille had a duty "to provide a

safe environment for its guests." According to plaintiff's

security expert, the Grille's failure to hire properly trained

security personnel and provide security in the parking lot was a

breach of the Grille's duty of care.

 Plaintiff also claimed that the Grille's service of alcohol

to a visibly intoxicated Kosovich proximately caused his injuries.

No expert report was proffered to support plaintiff's Dram Shop

 2 A-0289-15T3
Act claim against the Grille. Rather, plaintiff stated witnesses

would testify at trial that Kosovich was visibly intoxicated.

 We review the facts in a light most favorable to plaintiff,

and therefore the following discussion summarizes plaintiff's

version of the relevant events. Brill v. Guardian Life Ins. Co.

of Am., 142 N.J. 520, 540 (1995). The Grille is a family-style

restaurant that provided a disc jockey (DJ) on Friday evenings

after 10:00 p.m. Although the Grille stopped serving food at

10:00 p.m. on Friday, the bar remained open for the purchase of

alcohol. The Grille also removed the dining tables to create a

dance club atmosphere.

 The Grille did not hire private security for its DJ

entertainment. Friends of the Grille's owner checked

identification documentation to ensure that patrons were over

twenty-one years of age.

 One Friday evening, plaintiff, his brother Robert, and two

friends went to the Grille for the DJ entertainment. Plaintiff

saw Kosovich at the Grille. Plaintiff's brother had a prior

incident with Kosovich. However, plaintiff assured Kosovich that

he and his companions had no intention of causing trouble that

evening.

 Just prior to closing, someone told plaintiff, who was inside

the Grille, that plaintiff's brother and Kosovich were about to

 3 A-0289-15T3
fight outside the Grille. One of the Grille's managers, Robert

Long, saw plaintiff and other individuals run from the bar to the

parking lot. An angry crowd had surrounded Kosovich. Plaintiff

told Kosovich to leave the Grille parking lot before something

happened. Kosovich was leaving when Long grabbed plaintiff. It

was at that moment that Kosovich swung a knife cutting both

plaintiff and Long.1

 Upon completion of discovery, the Grille moved for summary

judgment. In a letter opinion, Assignment Judge Yolanda Ciccone

granted the Grille's motion and dismissed plaintiff's claims with

prejudice.

 On the negligent security claim, the judge found that because

no criminal activity occurred at or near the Grille for a three-

year period prior to plaintiff's injury, the claim failed. While

plaintiff argued that security staff was needed outside the Grille

to "deter incidents," the judge rejected plaintiff's argument

because there were no incidents outside the Grille prior to

plaintiff's injury giving rise to a legal duty.

 Similarly, the judge rejected plaintiff's argument that the

Grille's change in use from a restaurant establishment to a DJ

1
 For summary judgment purposes, we must accept plaintiff's version
of the facts. However, we note that Kosovich denied being the
aggressor and claimed he acted in self-defense after plaintiff and
his brother attacked him.

 4 A-0289-15T3
dance club altered the Grille's legal duty to provide adequate

security. The judge found that plaintiff was unable to articulate

any legal support for such a theory.

 The judge also dismissed plaintiff's Dram Shop Act claim,

concluding that plaintiff failed to establish Kosovich was visibly

intoxicated. At best, plaintiff offered evidence that Kosovich

had been drinking, but submitted no evidence to support a claim

of visible intoxication. Plaintiff and others at the Grille were

unable to state the amount of alcohol consumed by Kosovich.

 Plaintiff argued that additional depositions were needed to

establish that the Grille served alcohol to Kosovich after he was

visibly intoxicated. However, the twice-extended discovery period

expired prior to the Grille filing for summary judgment. Plaintiff

submitted no affidavits or certifications from individuals who

would testify as to Kosovich's visible intoxication.

 Plaintiff moved for reconsideration, and Judge Ciccone denied

the motion. The judge ruled that plaintiff did not satisfy Rule

4:49-2 governing a motion for reconsideration. The judge

determined plaintiff was rearguing matters addressed by the court

in granting summary judgment. The judge found plaintiff failed

to cite any relevant evidence that the court did not consider or

failed to appreciate. Nor did plaintiff articulate why the judge's

summary judgment decision was palpably incorrect or irrational.

 5 A-0289-15T3
 On appeal, plaintiff alleges that the judge abused her

discretion as to both motions and disputed material facts warranted

denial of the Grille's motion for summary judgment.

 Appellate review of an order granting summary judgment is de

novo, applying the same standard governing the trial court.

Cypress Point Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 414

(2016); Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405

(2014). Summary judgment must be granted if there is no genuine

issue of material fact and the moving party is entitled to judgment

as a matter of law. R. 4:46-2(c). Thus, we consider "whether the

evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail

as a matter of law." Liberty Surplus Ins. Corp. v. Nowell Amoroso,

P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill, supra, 142 N.J.

at 536). Courts reviewing summary judgment motions must "consider

whether the competent evidential materials presented, when viewed

in the light most favorable to the non-moving party, are sufficient

to permit a rational factfinder to resolve the alleged disputed

issue in favor of the non-moving party." Brill, supra, 142 N.J.

at 540. "If there is no genuine issue of material fact," an

appellate court must then "decide whether the trial court correctly

interpreted the law." DepoLink Court Reporting & Litig. Support

Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013)

 6 A-0289-15T3
(citations omitted). We accord no deference to the trial judge's

legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013)

(citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

 A motion for reconsideration is reviewed for abuse of

discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div.

1996). Reconsideration is appropriate only in those cases "in

which either 1) the [c]ourt has expressed its decision based upon

a palpably incorrect or irrational basis, or 2) it is obvious that

the [c]ourt either did not consider, or failed to appreciate the

significance of probative, competent evidence." D'Atria v.

D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

 Applying these standards, we conclude the Grille was entitled

to summary judgment because plaintiff failed to establish the

elements necessary to prevail on his negligent security claim as

well as his Dram Shop Act claim. We also conclude that the judge

properly denied plaintiff's motion for reconsideration.

 In general, to sustain a negligence claim, a plaintiff must

prove the following elements: "(1) a duty of care, (2) a breach

of that duty, (3) proximate cause, and (4) actual damages."

Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty.

of Essex, 196 N.J. 569, 584 (2008)). Whether a duty exists is a

question of law to be determined by the court. Clohesy v. Food

Circus Supermarkets, 149 N.J. 496, 502 (1997). Imposition of a

 7 A-0289-15T3
legal duty to exercise care requires establishing foreseeability

of harm. Ibid. Business owners, such as the Grille, "have a duty

to protect patrons . . . from foreseeable criminal acts of third

parties occurring on their premises." Id. at 504; see also Butler

v. Acme Markets, 89 N.J. 270, 280 (1982); Peguero v. Tau Kappa

Epsilon Local Chapter, 439 N.J. Super. 77, 91 (App. Div. 2015)

(the duty question focuses on the foreseeability of injuries caused

by third parties).

 The judge properly concluded that plaintiff failed to

demonstrate foreseeability by way of prior incidents to establish

a duty of care. The judge found that plaintiff was unable to show

any criminal conduct at or near the Grille during the three years

prior to the incident. The only incidents involved public

urination and/or instances of vomiting. Plaintiff did not claim

that the geographic location of the Grille or the layout of the

parking lot made the incident between plaintiff and Kosovich

foreseeable.

 On appeal, plaintiff argues the judge overlooked two cases

in support of his negligent security claim, Bencivenga v.

J.J.A.M.M., Inc., 258 N.J. Super. 399 (App. Div.), certif. denied,

130 N.J. 598 (1992) and Blazovic v. Andrich, 124 N.J. 90 (1991).

We find plaintiff's reliance on these cases misplaced. The

Bencivenga and Blazovic cases address apportionment of fault under

 8 A-0289-15T3
the Comparative Negligence Act, not the duty of a business owner

to protect against criminal acts of a third party. See Clohesy,

supra, 149 N.J. at 516-17. Simply because there was a crowd at

the Grille,2 coupled with the service of alcohol and live

entertainment, does not prove a reasonably foreseeable link to

criminal behavior.

 To prevail on a Dram Shop Act claim, a party must present

evidence that the establishment served alcohol to a visibly

intoxicated individual. N.J.S.A. 2A:22A-5; see also Halvorsen v.

Villamil, 429 N.J. Super. 568, 575 (App. Div. 2013). The Dram

Shop Act defines "visibly intoxicated" as "a state of intoxication

accompanied by a perceptible act or series of acts which present

clear signs of intoxication." N.J.S.A. 2A:22A-3.

 In support of his Dram Shop Act claim, plaintiff offered

Kosovich's statement to the police after the incident that he was

drunk. Also, plaintiff's friend guessed Kosovich was drunk because

everyone at the Grille was drunk. Based on these statements,

plaintiff argued the judge should have allowed a jury to infer

that Kosovich was visibly intoxicated.

 The judge properly ruled that mere evidence of drinking failed

to establish visible intoxication sufficient to prevail on a Dram

2
 Witnesses estimated that the number of people at the Grille
ranged between 100 to over 250 people.

 9 A-0289-15T3
Shop Act claim. Mazzacano v. Estate of Kinnerman, 197 N.J. 307,

320-21 (2009). Plaintiff presented no direct or circumstantial

evidence supporting his claim that Kosovich was visibly

intoxicated. Those who saw Kosovich did not observe him slurring

his speech or behaving erratically. Plaintiff also failed to

submit an expert toxicology report to substantiate a claim of

visible intoxication. Absent direct evidence of visible

intoxication, or an expert report establishing visible

intoxication based upon the amount of alcohol consumed by Kosovich,

when the alcohol was consumed, Kosovich's body weight and his

tolerance to alcohol, the judge correctly dismissed the Dram Shop

Act claim.

 Lastly, we find the judge did not abuse her discretion in

denying plaintiff's motion for reconsideration. Plaintiff failed

to establish any of the bases for reconsideration. R. 4:49-2.

"[A] motion for reconsideration provides the court, and not the

litigant, with an opportunity to take a second bite at the apple

to correct errors inherent in a prior ruling." Medina v. Pitta,

442 N.J. Super. 1, 18 (App. Div.), certif. denied, 223 N.J. 555

(2015).

 Plaintiff's argument on reconsideration that the judge

overlooked two key cases and additional evidence is flawed. First,

the cases and evidence presented by plaintiff were not new, and

 10 A-0289-15T3
were available to plaintiff in opposing the motion for summary

judgment. It was improper for plaintiff to raise those cases and

evidence for the first time in his reconsideration motion. Ibid.

Second, the cases that plaintiff claimed were overlooked by the

judge are irrelevant to disposition of the Grille's motion.

 Affirmed.

 11 A-0289-15T3