**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4503-15T1

LIENNA SHAIR,

 Plaintiff-Appellant,

v.

MASARU TSUBOI and TOKIKO TSUBOI,

 Defendants-Respondents.

_____

   Submitted September 26, 2017 — Decided November 14, 2017

   Before Judges Sumners and Moynihan.

   On appeal from Superior Court of New Jersey,
   Law Division, Bergen County, Docket No. L-
   0173-16.

   Lienna Shair, appellant pro se.

   Charles Michael Damian, LLC, attorneys for
   respondents (Rebecca L. Eckert, on the brief).

PER CURIAM

 Plaintiff sued defendants for damage to her home resulting from when defendants had a tree trimmed on their property approximately twenty years earlier. Defendants counterclaimed seeking attorney fees and costs for filing a frivolous suit.

Summary judgment was eventually granted in favor of defendants dismissing plaintiff's complaint and awarding defendants' attorney fees and costs. We affirm substantially for the reasons stated by Judge Rachelle L. Harz in her opinion placed on the record on April 18, 2015. We add the following comments.

This action involving next-door neighbors originated in the Special Civil Part. Plaintiff filed a pro se complaint alleging defendants hired Cherokee Tree Services to trim a tree on their property and authorized Cherokee to park its truck on her property, which caused extensive damage to her property. Following the service of the complaint, defendants' counsel served a notice of a frivolous claim in accordance with N.J.S.A. 2A:15-59.1 and Rule 1:4-8, advising plaintiff to withdraw her complaint within twenty-eight days because "your potential claims are barred by the [s]tatute of [l]imtations and you offer no facts to support your outrageous and unfounded allegations." When plaintiff did not comply, defendants counter-claimed seeking attorney fees and costs for filing a frivolous lawsuit.[1]

---

[1] The counter-claim also alleged defamation, libel per se, and intentional infliction of emotional distress based upon plaintiff's posting of signs on her property stating in Japanese, "Hit and Run Liar" and "Hit and Run Neighbor." These claims are not a subject of this appeal as plaintiff agreed in court to remove the signs at the conclusion of the Law Division case.

On the trial date, plaintiff failed to appear resulting in the dismissal of her complaint and entry of default judgment to defendants on their counter-claim. Plaintiff, in turn, filed a second complaint raising the same allegations as her first complaint. The court subsequently reinstated plaintiff's first complaint and dismissed the second complaint, due to the entire controversy doctrine.

After the Special Civil Part sua sponte transferred the matter to the Law Division, plaintiff successfully moved to vacate the default judgment on defendant's counter-claim, and was permitted to file an answer to the counter-claim and reopen discovery to serve interrogatories. Following completion of discovery, the court granted defendant's motion for summary judgment on April 18, 2016, dismissing plaintiff's complaint and awarding defendants attorney fees and costs on their counter-claim.

In her oral decision dismissing plaintiff's complaint, Judge Harz reasoned:

> There has been no evidence presented by the plaintiff that defendants actually caused any alleged damage to plaintiff's property. The plaintiff has . . . stated in her complaint[] that a tree company, Cherokee, hired by defendants, is believed to have hit her home and cause damage. She does not allege that the defendants directly damaged the property.
>
> Not only has the plaintiff been unable to prove that any damage that exists on her

property was actually caused by a truck hitting her home, but she has failed to prove the defendants were the actual or proximate cause of any alleged damage.

Defendants do not currently and never have worked for Cherokee Tree Service[s]. They are not an agent of nor are they in any way affiliated or associated with Cherokee Tree Service[s]. Defendants only hired Cherokee in or around 1995 to trim some branches on their property. Plaintiff's claims should, therefore, be brought against Cherokee for any damages she alleges.

Summary judgment is entered as to all of plaintiff's claims, because the plaintiff has failed to bring her claim within the stated statute of limitations. While this [c]ourt is saying that today it appears, from what plaintiff has said herself, that she has been told this before by [the Special Civil Part Judge] and has been told this by [L]egal [A]id. There is a six-year statute of limitations of this type of cause of action. N.J.S.A. 2A:14-1.

In granting summary judgement on defendants' counter-claim for attorney fees and costs, Judge Harz determined the frivolous litigation statute was enacted to prevent suits such as this, especially where a litigant was well aware of the time bar to her claims. Although the judge found that the hourly rate sought by defendants' counsel was reasonable, she ordered counsel to submit another certification of services regarding legal fees pursuant to the N.J.S.A. 2A:15-59.1. A month later, Judge Harz entered an order, and placed her reasons on the record, requiring plaintiff

4                                                          A-4503-15T1

to pay defendants' attorney fees and costs in the amount of $15,738.07.[2]

In this appeal, plaintiff contends that her complaint alleging defendants damaged her property in 1995 is still actionable because she is the victim of a crime and that under N.J.S.A. 52:4B-64, a crime victim has the right to bring civil action for damages without the restriction of the six-year statute of limitations. She further argues Judge Harz erred in finding her claim was frivolous because she established defendants, by way of Cherokee Tree Services, damaged her property in 1995, as supported by the defendants' affirmative defenses. We are unpersuaded.

Appellate review of a ruling on a motion for summary judgment is de novo, applying the same standard governing the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor

_____

[2] Before the proceeding to determine the amount of attorney fees and costs, plaintiff wrote to Judge Harz to advise that she would not be submitting opposition to defendants' application and did not participate in the proceeding as she intended to appeal the April 18 order.

of the non-moving party."  Id. at 406 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).  "If there is no genuine issue of material fact," an appellate court must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted).  We accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

In light of the undisputed material facts presented in defendants' motion, Judge Harz' decision to grant summary judgment is legally unassailable.  Plaintiff's appellate arguments are without sufficient merit to warrant further discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4503-15T1