**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0953-17T1

KIMBERLY KARALIA,

    Plaintiff-Appellant,

v.

STEVEN SMITH,

    Defendant-Respondent.

_____

> Argued January 10, 2019 – Decided April 9, 2019
>
> Before Judges O'Connor and DeAlmeida.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0039-17.
>
> Lawrence B. Diener argued the cause for appellant.
>
> Gina M. Stanziale argued the cause for respondent (Methfessel & Werbel, attorneys; Gina M. Stanziale, of counsel; Alicia C. Langone, on the brief).

PER CURIAM

Plaintiff Kimberly Karalia appeals from an order granting defendant Steven Smith summary judgment dismissal, as well as from an order denying her motion for reconsideration of the order for dismissal. We affirm.

I

Plaintiff rented an apartment from defendant, her landlord, in 2011. She was forced to leave the premises on November 12, 2016, when a fire erupted in the apartment, making it uninhabitable. The fire damaged or destroyed the personal property she owned that was in the apartment at the time of the fire. Plaintiff filed a verified and amended verified complaint alleging the fire originated in the broiler or oven (the broiler was attached to the oven). The broiler and oven, collectively referred to as a "range," were fueled by gas.

Plaintiff sought damages for the loss of her personal property, as well as for the cost of finding and moving into a new apartment. She claimed that, months before the fire, she informed defendant the oven and broiler in the apartment did not heat up after she turned either to the "on" position, but defendant failed to repair or replace either. She maintained defendant was both negligent and in violation of his obligations under the lease because he did not repair or replace the oven and broiler.

A-0953-17T1

During discovery, plaintiff did not serve defendant with an expert's report, but defendant served plaintiff with two experts' reports. One was authored by Larry A. Wharton, P.E. and the other by Chris Ricciardi, CFEI. Both of defendant's experts concluded defendant did not cause the fire. Because relevant to the issues on appeal, we address these experts' opinions.

In his report, Wharton noted the burn patterns on the range indicated the fire originated in the broiler drawer. He determined that the

> oven/broiler of the involved gas range was manually turned on and left unattended. The broiler pan insert was covered with aluminum foil, in violation of the warning presented in the "Use & Care Manual" that doing so could result in a fire. Had the operation of the appliance been conducted in accordance with the provided "Use and Care Manual" instructions and had the operation of the appliance been appropriately attended/monitored the subject fire would have been prevented. . . .
>
> [I] conclude[] that the manual nature of the appliance controls precludes the possibility that the gas oven/broiler burner turned "on" without physical intervention. The burner was deliberately and manually operated to the "on" position by a human act. The unattended operation of the appliance resulted in the captioned November 12, 2016 fire loss.

Ricciardi agreed the fire started in the broiler and that the evidence indicated the broiler had been turned on before the fire. He further noted the exterior wall of the range "exhibited a heavy accumulation of grease," and that

3

the inside face of the broiler door was coated in burnt grease residue. He determined the accumulated grease within the oven and broiler ignited, causing the fire to spread to other areas in the kitchen.

At the conclusion of discovery, defendant filed a motion for summary judgment, arguing plaintiff needed an expert witness to set forth at trial how his alleged breach of the lease or negligence proximately caused the fire. In response, plaintiff certified she lived in the premises for seven years before the fire, used the broiler only one time long ago, and that both the oven and broiler stopped working four months before the fire. She claimed she notified defendant the oven and broiler did not work, but defendant did not repair or replace either.

She further certified she did not use the oven or broiler on the day of the fire, as neither had been working for months. She disputed defendant's contentions she turned on the broiler just before the fire and that there was a buildup of grease. She asserted the fire erupted as a result of a malfunction in the oven, an opinion she obtained from the local fire department, which issued a written report stating the fire was caused by a "mechanical malfunction."

The trial court granted summary judgment, finding plaintiff's failure to serve defendant with an expert's report on the issue of his liability was fatal to

4

her claim for damages. Plaintiff's motion for reconsideration was denied on the ground she failed to meet the standard in Rule 4:49-2 to warrant relief.

II

On appeal, plaintiff's principal contentions are that (1) an oven and broiler are inherently dangerous and, as a matter of law, a landlord is responsible for any damages a tenant sustains as a result of an oven or broiler about which the landlord had notice; (2) defendant's experts' reports and the local fire department's report provide a basis for finding defendant was negligent; and (3) she does not require expert testimony to prove her causes of action against defendant.

We begin with our standard of review relevant to summary judgment. Rule 4:46-2(c) directs that summary judgment be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Essentially, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus

Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)).

We review a trial court's decision on summary judgment "de novo, employing the same standard used by the trial court." Tarabokia v. Structure Tone, 429 N.J. Super. 103, 106 (App. Div. 2012) (citing Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998)). We give "no deference to the trial judge's conclusions on issues of law." Depolink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)). Thus, we must also "view the evidence in the light most favorable to the non-moving party and analyze whether the moving party was entitled to judgment as a matter of law." Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012) (citing Brill, 142 N.J. at 523).

Plaintiff first contends defendant is liable to her because a broiler and an oven are inherently dangerous. Plaintiff does not cite and we were unable to find any authority to support the premise that either a broiler or oven is inherently dangerous. Although inconsistent with the notion an oven or broiler is inherently dangerous, plaintiff also contends defendant is liable to her if he were aware of the condition that made the broiler and oven dangerous.

6

In support of this latter contention, plaintiff cites the following from the Second Restatement of Torts:

> Undisclosed Dangerous Conditions Known to Lessor:
>
> (1) A lessor of land who conceals or fails to disclose to his lessee any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the land, is subject to liability to the lessee and others . . . for physical harm caused by the condition after the lessee has taken possession, if
>
> (a) the lessee does not know or have reason to know of the condition or the risk involved, <u>and</u>
>
> (b) <u>the lessor knows or has reason to know of the condition</u>, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk.
>
> [Restatement (Second) of Torts § 358 (Am. Law Inst 1965) (emphasis supplied).]

We note that, to establish premises liability, the plaintiff bears the burden of proving the premises owner breached a duty of care owed to him or her. Jerista v. Murray, 185 N.J. 175, 191 (2005). Under New Jersey law, "landlords and business owners should be liable for foreseeable injuries that occur on their premises." Kuzmicz v. Ivy Hill Park Apartments, Inc., 147 N.J. 510, 517 (1997). This duty arises out of the fact landlords and business owners "are in the best

position to control the risk of harm. Ownership or control of the premises, for example, enables a party to prevent the harm." Ibid. (citation omitted).

However, the owner of premises generally is not liable for injuries caused by defects for which he had no actual or constructive notice and no reasonable opportunity to discover. Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). For that reason, "[o]rdinarily an injured plaintiff . . . must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Ibid.

Here, the flaw in plaintiff's argument is that she did not identify the condition that made the broiler or oven dangerous, let alone that defendant was aware of it. In fact, she did not proffer any competent evidence about what caused the fire. Without evidence of the defect or the condition that allegedly made the broiler or oven dangerous, plaintiff's argument must fail.

Plaintiff suggests that the fact the oven and broiler did not work before the fire placed defendant on notice a dangerous condition existed within the oven or broiler. We reject this argument, because there is no evidence that what precluded the oven and broiler from heating up caused the fire or, for that matter, was a dangerous condition. For the same reason, we must also reject plaintiff's theory that defendant's failure to promptly repair the range was a breach of the

lease and that such breach caused her damages. As there is no evidence the inability of the broiler or oven to heat up is related to the fire, there is no basis to find defendant's breach of the lease caused plaintiff's damages.

Plaintiff notes that the local fire department's written report states the fire was caused by a "mechanical failure, malfunction" in the range. She argues this report provides sufficient evidence to establish defendant breached a duty of care to her and that such breach was a proximate cause of the fire.

Our review of this report reveals it is merely a form that includes certain conclusory information. There is a statement in the report that the fire was ignited due to a mechanical failure or malfunction, but the report does not expound upon what the mechanical failure or malfunction was and how such failure or malfunction caused the fire. The opinion in the fire department report is clearly net and therefore inadmissible. See Townsend v. Pierre, 221 N.J. 36, 53-54 (2015). Further, there is nothing in the report that reveals the purported mechanical failure or malfunction was one about which defendant knew or should have known.

Plaintiff also argues defendant's experts' reports support a conclusion defendant was liable to her for the damages she sustained as a result of the fire. Although defendant named Wharton and Ricciardi as experts he intended to call

A-0953-17T1

at trial, "a party may call to the witness stand the other party's identified expert witness." In re Pelvic Mesh/Gynecare Litig., 426 N.J. Super. 167, 182 (App. Div. 2012) (citing Fitzgerald v. Stanley Roberts, Inc., 186 N.J. 286, 302 (2006)). However, as previously noted, the reports of defendants' experts clearly do not support but are damaging to plaintiff.

Finally, plaintiff contends she does not need expert testimony to prove her causes of action against defendant. We conclude this argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION