**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1722-15T3

BARBARA GARY,

    Plaintiff-Appellant,

v.

GEORGE WENTHE,

    Defendant-Respondent.

_____

Submitted June 8, 2017 — Decided July 24, 2017

Before Judges Lihotz and Hoffman.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No.
L-2186-11.

Shebell & Shebell, LLC, and Morley Law, LLC,
attorneys for appellant (Thomas F. Shebell,
III, of counsel and on the briefs; Robert A.
Morley, on the briefs).

Carton Law Firm, LLC, attorneys for respondent
(Michael J. Lynch, on the brief).

PER CURIAM

    Plaintiff Barbara Gary appeals from the denial of her motion

for a new trial and challenges the jury verdict, which concluded

she had no cause of action against defendant George Wenthe. We affirm.

These facts were presented at trial. While driving home from work on November 5, 2010, defendant hit plaintiff's Dodge Caravan in the rear. Plaintiff was wearing her seat belt and the air bag did not deploy. Plaintiff's two children were in the vehicle and one was taken for emergency medical care. While at the hospital, plaintiff experienced lower back pain. She was x-rayed and released. The next day, her neck was stiff and she experienced pain on her left side. Plaintiff commenced six months of chiropractic care. Next, she began trigger point injections to her lower back and shoulders. When relief was not forthcoming, she was administered epidural injections and underwent an MRI. Other treatments were administered to ease the spasms in her back and numbness in her legs. In April 2011, she began treatment with Dr. Cary Glastein, a spinal surgeon. Plaintiff was informed about the risks and benefits of surgery, but chose to continue with non-surgical treatment.

At trial, plaintiff and her family members related the consequence of her injuries, which included her inability to return to work or to enjoy the activities she engaged prior to the accident. She experienced pain while sitting or standing for

2

extensive periods of time, she lost the ability to ride a bicycle or dance, and has gained weight.

On cross-examination, defendant demonstrated some of plaintiff's complaints were not expressed during her course of treatment, such as her inability to dance. Further, plaintiff's inability to recall facts, and contradictions between plaintiff's trial testimony and deposition testimony were highlighted. For example, at her deposition she stated there was no damage to the front of her vehicle; yet at trial she stated there was.

Critical to this case was the expert testimony. Plaintiff presented testimony from Dr. Glastein, who stated plaintiff initially presented with complaints of pain in her neck radiating to her arms, and pain in her lower back radiating to her left leg. His objective findings at that time noted neck and back spasms and tenderness. However, plaintiff's gait was normal, she had full range of motion, exhibited normal strength, and showed no neurological deficits.

Reviewing plaintiff's MRI, Dr. Glastein stated she had four herniated discs in her neck, with some cord impingement, and a bulge to herniation in her lumbar spine. He stated the MRI did not reflect degenerative changes, and he attributed plaintiff's herniations as caused by the accident. Dr. Glastein stated plaintiff's current condition caused pain, and is permanent,

although symptoms may "come and go." He saw no change in plaintiff's condition through his course of treatment. He explained surgery could alleviate the disc herniations, leaving the patient with disc fusions "and orthopedic hardware," which "chang[es] things a lot." The risks attendant with surgery were also very high and when he last saw plaintiff on March 7, 2012, she had not opted for surgery, as she was improving. Regarding the herniated conditions in her neck, Dr. Glastein stated plaintiff's conditions could not be reversed and would likely worsen over time.

Plaintiff also presented testimony from Douglas Gibbens, a diagnostic radiologist, who reviewed the MRI films. Dr. Gibbens confirmed plaintiff suffered four herniated discs and a disc bulge.

Defendant's expert Dr. Arthur Vasen, an orthopedic physician, examined plaintiff and reviewed her MRI and records. He found her gait and range of motion were normal. He found no spine limitations associated with herniations, noting plaintiff successfully walked on her toes and heels, and bent to touch her toes within normal range. He identified tenderness in her neck, but noted no objective signs of neck or back limitations. He diagnosed plaintiff with cervical sprain and lumbar strain with no evidence of herniation. Although he noted disc bulging in

plaintiff's neck, as shown on the MRI, he could not link these symptoms as caused by the accident.

At the charge conference, plaintiff offered a charge on permanent injury. The judge declined to use her drafted charge in favor of provisions of the Civil Model Jury Charges, which addressed the need for plaintiff to prove a permanent injury in order to recover damages. The judge next issued the jury charge, to which neither counsel voiced exception, and reviewed the verdict sheet.

After commencing deliberations, the jury asked three questions, two of which are implicated on appeal. First, the judge was asked to "restate the definition of permanent injury, per question number one" of the verdict sheet. Second, the jury asked: "Can you confirm that a herniated disc or a bulge is a permanent injury as a defined medical fact?"

To question one, the judge responded:

> In order to recover damages in this case, plaintiff must prove by a preponderance of the evidence that she sustained injuries which fit into this category. A permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. If you find the injuries caused by the accident does not come within that category, your verdict must be for the defendant. If you find the injuries caused by the accident do come within that category, your verdict must be for the plaintiff.

A-1722-15T3

In this case, plaintiff alleges she suffered a permanent injury as a result of the motor vehicle accident. An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally, and will not heal to function normally with further medical treatment. I'll read that one again.

An[] injury shall be considered permanent when the body part or organ, or both, has not healed to function normally, and will not heal to function normally with further medical treatment.

Plaintiff must prove this claim through objective credible medical evidence. Objective proof means the injury must be verified by physical examination or medical testing, and cannot be based solely upon the plaintiff's subjective complaints. Credible evidence is evidence you find to be believable.

As to question two, the judge explained: "If I answered that yes or no, that would put me in your shoes as the fact finder. I can't do that. It is your decision, based on your recollection of the evidence of the testimony of all of the witnesses."

The jury continued deliberations, while plaintiff's counsel placed an argument on the record, previously advanced in chambers, requesting the judge instruct the jury that a herniated disc was a permanent injury. The judge declined, expanding to counsel the reasoning undergirding the response given to the jury on question two:

[Y]ou brought that to my attention in chambers. And the way the question was asked by the jury, I viewed it as something where they have to make a factual finding as to whether or not it was a herniated disc.

My defining a herniated disc as a permanent injury or not, I thought would overstep my role. It's their roles as facts finders. That's one. Two, with respect to all that, I know there was a discussion about all doctors agree, a herniated disc is a permanent injury.

The problem I have is that there's many Appellate Division cases that say the jury is free to disregard what the doctors say. And again, I would be stepping into their shoes as a fact finder.

Shortly thereafter, the jury reached a verdict. Voting five to one, the jury concluded plaintiff did not suffer a permanent injury proximately caused by the November 5, 2010 accident. Plaintiff's motion for a new trial was denied. This appeal ensued.

Plaintiff argues the jury instructions were vague, replete with antiquated language, the judge incorrectly responded to the jury's questions, and the verdict was against the weight of the evidence. Each of these issues is directed to the issue of permanent injury, a requirement set forth in the Automobile Insurance Cost Reduction Act of 1998, N.J.S.A. 39:6A-8(a), which allowed insureds to choose automobile policy options, which succinctly lowered premiums in exchange for limiting the circumstances for recovery of noneconomic damages. Zabilowicz v.

Kelsey, 200 N.J. 507, 509 (2009). "Those covered by the limitation-on-lawsuit threshold may not sue a tortfeasor for noneconomic damages unless they suffer a serious or permanent bodily injury." Ibid. Defined as "when the body part or organ or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8(a).

Plaintiff argues the trial judge's use of Model Jury Charge (Civil) 5:33B requires reversal. She maintains the charge is flawed as outdated and the judge's decision to decline her request to tailor the charge to the facts of this case and the law was error. Plaintiff focuses on the language of the charge, discussing her burden to establish permanent damage:

> Plaintiff must prove this claim through objective credible medical evidence. Objective proof means the injury must be verified by physical examination or medical testing, and cannot be based solely upon the plaintiff's subjective complaints. Credible evidence is evidence that you find to be believable.

The language is taken directly from the Model Jury Charge (Civil) 5:33B(C). Plaintiff's position argues a more accurate charge would replace "medical evidence" with "objective clinical evidence," language taken from N.J.S.A. 39:6A-8(a). She additionally maintains the charge should not have included the

word "verified," noting this requisite is satisfied upon filing a certification of permanency, with the complaint. For the reasons that follow we reject these arguments.

First, the record reflects plaintiff did not object to the charge as issued. Failure to do so restricts reversal to only upon a showing of plain error. See R. 1:7-2 ("[N]o party may urge as error any portion of the charge to the jury . . . unless objections are made thereto before the jury retires to consider its verdict . . . ."). Here, plaintiff voiced no exceptions to the charge. See Gaido v. Weiser, 227 N.J. Super. 175, 198 (App. Div. 1988) (requiring a party "to apprise the trial court of the specific nature" of an objection when the charge is issued).

Second, plaintiff's argument overreads the use of "verified," used to define objective proof. The use of the phrase "verified by physical examination or medical testing" is contrasted with "the plaintiff's subjective complaints." The change expresses the need for medical evidence through testing, not simply a patient's complaints of pain.

The charge when read as a whole, Mogull v. Cb Commer. Real Estate Grp., 162 N.J. 449, 464 n.2 (2000), is neither misleading nor a misstatement of the legal requirement of objective evidence to prove permanent injury. We conclude the charge is accurate and

in no way altered the fairness of plaintiff's trial.  See Berberian v. Lynn, 335 N.J. Super. 210, 219 (App. Div. 2002).

Regarding the need for the court to issue a "tailored instruction," we reject the notion this entitles a party to require the court to accept their suggested charge.  Ibid.  The charge must clearly and accurately state the legal principles, which guide the factual determinations of a jury.  The use of model jury charges is "recommended as a method, albeit not perfect, for avoiding error."  Pressler & Verniero, Current N.J. Court Rules, cmt. 8.1 on R. 1:8-7 (2014).  The jury instructions used in this case clearly outlined the relevant statutory elements for plaintiff to recover damages.  We discern no error, let alone plain error.

We also reject plaintiff argument the jury's confusion was manifest by its questions.  Returning to the Legislature's "objective clinical evidence" language found in N.J.S.A. 39:6A-8(a), this argument conflates case law examining whether a plaintiff has presented sufficient facts to meet the statute's requisites and overcome the defendant's motion for summary judgment. Certainly, that plaintiff's experts asserted she suffered herniations, which they opined were visible from review of the MRI, does not end the controversy or prove plaintiff in fact suffered a permanent injury caused by the accident.

Defendant, through expert testimony, contested not only the claim plaintiff's discs were herniated, but also whether the bulging discs were caused by the accident. These material factual disputes were the essence of the jury's factfinding function in this case.

The jury was provided with competing evidence as to material facts through the experts' testimony. Additionally, the jury had the opportunity to evaluate plaintiff's credibility and to observe her as she testified. Credibility of the experts and the plaintiff was critical. We have no basis to suggest the jury failed to properly sift through the evidence to reach its verdict.

We similarly reject the inference sought to be drawn from the jury's second question on what evidence is "honest and reliable." The judge properly rejected plaintiff's suggested charge, delineating conclusively what she believed was objective and reliable evidence of her herniated discs. The charge improperly tread upon the factfinding function of the jury.

Based upon our review, we find no merit to plaintiff's argument of error in the denial of her motion for a directed verdict, challenge to the verdict as against the weight of the evidence, as well as her motion for a new trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1722-15T3