**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2853-16T2

IN THE MATTER OF THE ESTATE
OF JOHN F. PIAZZA, Deceased.

_____

Argued May 16, 2018 – Decided September 13, 2018

Before Judges Koblitz and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Probate Part, Sussex County, Docket No. P-000450-17.

Ian J. Hirsch argued the cause for appellant Barbara Piazza.

Frederick C. Biehl, III, argued the cause for respondents Debra Shaefer and Cynthia L. Schirmer (Soriano, Henkel, Biehl & Matthews, PC, attorneys; Frederick C. Biehl, III, on the brief).

PER CURIAM

Barbara Piazza appeals from the February 10, 2017 order that denied her request to amend the probate of John F. Piazza's estate by admitting a codicil. The

codicil purported to disinherit one of John F. Piazza's three children. We affirm the February 10, 2017 order.

John F. Piazza (decedent) and his wife Elly Piazza had three children: Barbara Piazza, John H. Piazza, and Debra Elly Shaefer.[1] In February 1992, decedent and his wife prepared joint and reciprocal wills. Paragraph three of decedent's 1992 will provided:

> If my wife E[lly] shall fail to survive me . . . I direct that all the rest residue and remainder of my estate be divided into as many shares as there are children of my wife E[lly] and me, surviving me, and I give, bequeath and devise one such equal share to each of my said surviving children.

Paragraph six allowed the executrix "the [p]ower and authority to sell any real property I may own at the time of my death." If his wife predeceased him, decedent appointed Barbara as the executrix.

Barbara claims that on June 15, 2007, decedent and his wife executed codicils to their 1992 wills. The purported codicil provided:

> It is my wish to keep my entire Will in place but I hereby change the [third] paragraph as follows: In the event my wife E[lly] shall fail to survive me, or if we shall die in a common accident or disaster, or under any other circumstances making it impossible to determine that she did in fact survive me, then it shall be assumed that I did survive my wife Elly, and in such event I direct that my

---

[1] We refer to the decedent's children by their first names because the parties used or had the same surname at relevant times. Our use of first names is not intended to be disrespectful to the parties.

A-2853-16T2

entire residuary estate be divided between my two surviving children, John H. Piazza and Barbara L. Piazza-Zingaropoli.

In Paragraph [four] the grandchildren referred to are those who are the natural born children of either John H. Piazza or Barbara L. Piazza-Zingaropoli.

The rest of my will dated February 11, 1992 shall remain the same.

Barbara also alleges that decedent and his wife executed a letter dated June 15, 2007, to Debra Shaefer that explained their reason for disinheriting her. The letter provided as follows:

Me and Mommy have tried getting in touch with you now for the past couple of years but you never get back to us. We really don't understand what it is we have done to you that you just refuse to keep in touch with us or visit with us.

Since you continue to stay away and don't want to be part of this family mommy and I have decided to disinherit you. We hope one day you will come back to us but you have abandoned us for more than [thirty] years.

With this letter is a copy of our wills and our change to our will.

Hope you are well.

Mom and Dad.

Elly Piazza passed away in 2008. Decedent passed away on December 20, 2012.

A-2853-16T2

Barbara claims that after her father's death, she made costly repairs and improvements to decedent's property in Hopatcong, New Jersey. No documentary evidence was submitted as proof of the repairs. Barbara claims she paid John H. $38,000 for his portion of that property. Barbara and John H. conveyed title of decedent's property in Brooklyn, New York to themselves as "sole heirs." They then transferred the Brooklyn property to an unrelated corporation for over $900,000, which they divided evenly after certain unspecified debts of decedent were paid.

Two and one half years after decedent's death, in May 2015, Barbara probated decedent's estate in Sussex County, New Jersey.[2] She presented decedent's 1992 will, without the June 2007 codicil, even though she had a copy of the codicil.[3] In her application for probate, Barbara listed decedent's next of kin as herself and John H., and omitted any reference to Debra. Barbara was appointed executrix of decedent's estate in letters testamentary dated May 22, 2015.

In August 2015, Debra's court-appointed guardian,[4] Cynthia L. Schirmer, an attorney in North Carolina, filed a complaint in the Chancery Division against

---

[2] Barbara does not dispute that decedent died in New York while a resident of that State.

[3] Barbara claimed to have possession of the original codicil during the trial.

[4] Debra's guardian testified that Debra was deemed incompetent in North Carolina in 2010.

Barbara and John H., seeking to partition the Hopatcong property three ways and for an accounting of all of decedent's property, assets and money. See Schirmer v. Piazza, No. SSX-C-17-15 (Chancery case). The complaint alleged negligence in the manner that Barbara and John H. managed the property and sought compensatory damages and attorney's fees.[5]

Following a bench trial in the Chancery case, the court granted judgment to Debra. It found that Barbara was not truthful in her probate petition by not identifying Debra as next of kin, and that when she probated the 1992 will, Barbara had the 2007 codicil but did not submit it for probate. The court found that it was "way too late to submit a challenge to this, to the probate." With respect to the 1992 will, the court stated that "I'm not sure it could be a challenge in any event, since [plaintiff], herself, was the one that introduced the will."

The trial court issued an order of final judgment on September 2, 2016. The court's order required the sale of the Hopatcong property and the equal division of the proceeds between the three children based on the 1992 will. The court ordered that two-thirds of the proceeds (representing Barbara and John H.'s portions) be placed in escrow until completion of the New York litigation, and then used to satisfy

_____

[5] The guardian also filed a lawsuit in New York seeking to vacate the deeds to the New York property, to partition them and for a judgment based on fraud and conversion. That complaint asked for a constructive trust and an accounting.

any amount due to Debra from that litigation. Barbara did not appeal the trial court's September 2, 2016 order of final judgment.

On September 30, 2016, Barbara filed an order to show cause and verified complaint seeking to amend probate of decedent's estate to include the 2007 codicil and for a trial to determine its validity. IMO the Estate of John F. Piazza, No. SSX-P-450-17 (Probate action). She sought relief under Rule 4:50-1(a), (b), and (f) from the September 2, 2016 judgment, alleging in her verified complaint that she did not have the codicil or letter when she probated the will. She claimed she discovered them prior to the bench trial but that the trial court would not allow the codicil into evidence. Debra opposed the application.

On the February 10, 2017 return date, the court denied the order to show cause, finding it was "a collateral attack on a judgment of the court, a final judgment. There was . . . no appeal taken here and the matter is filed in violation of the rules." The court noted the previous matter was "a separate docket number, a separate action." The court additionally stated that Barbara's arguments would not meet the criteria for relief under any Rule 4:50-1 subpart. Barbara appealed the February 10, 2017 order.

On appeal, Barbara claims the trial court erred by not amending the probate of decedent's estate to include the 2007 codicil because the codicil reflected

decedent's intent. Also, she argues the court should have relied on Rule 4:50-1 to order admission of the codicil. We find no merit in these arguments.

Because the trial court's decision was based entirely on the application of a legal standard to undisputed facts, our standard of review is de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). We do not owe any deference to the trial court's legal interpretation or application of a legal standard to undisputed facts. Zabilowicz v. Kelsey, 200 N.J. 507, 512-513 (2009).

We do not agree that the trial court was required to order the probate of decedent's estate based on the 2007 codicil. Barbara is appealing the February 10, 2017 order that denied her request to amend what was probated; she did not appeal the September 2, 2016 judgment that required sale of the Hopatcong property and apportionment of its proceeds among the three children. In the Chancery case, the judge found it was too late for Barbara to probate the 2007 codicil. Under Rule 4:85-1, Barbara had six months to challenge probate of the will. Her letters testamentary were issued May 22, 2015, giving her six months from then. She did not ask to probate the codicil within that timeframe. We agree that it was too late to rely on the 2007 codicil, particularly when she probated the 1992 will and omitted reference to her sister.

Barbara's subsequent attempt to amend what was probated was a collateral attack on the September 2, 2016 judgment because she was seeking through her

application to avoid the September 2, 2016 judgment entered in the Chancery case. "The doctrine of collateral estoppel . . . bars [re-litigation] of any issue actually determined in a prior action generally between the same parties and their privies involving a different claim or cause of action." Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000) (quoting Figueroa v. Hartford Ins. Co., 241 N.J. Super. 578, 584 (App. Div. 1990)). For the collateral estoppel doctrine to apply,

> the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006) (quoting In re Estate of Dawson, 136 N.J. 1, 20-21 (1994)).]

The codicil was the same in both proceedings. Barbara litigated the codicil issue in the prior proceeding because she wanted to preclude Debra from having an interest in the Hopatcong property by introducing the codicil in that case. Rejection of the codicil was essential to the September 2, 2016 judgment because if the document were accepted as a codicil, Debra would not inherit under the will. Barbara was a party in both proceedings.

Applying the doctrine here avoids repetitious litigation. Barbara had an adequate opportunity to address the codicil in the first action.

We agree with the trial court that Rule 4:50-1 provided no basis for relief. There was no newly discovered evidence. Barbara alleged that she probated the will by mistake, but the Chancery court found she was not truthful on that application by not disclosing Debra as next of kin. There was no allegation by Barbara that she was defrauded; the September 2, 2016 judgment is not void because it was not appealed. She also did not present the codicil within six months, even though she had a copy. On these facts, equity did not require relief under Rule 4:50-1(f).

Barbara cites In re Estate of Sapery, 28 N.J. 599 (1959) to support her claim. The issue there was whether a codicil that nominated an executor was entitled to probate when the underlying will itself could not be found. The court held that "a duly attested codicil is entitled to probate, even though it does no more than nominate an executor of the testator's estate." Id. at 609. That was not the situation here. Barbara had both the will and a copy of the codicil when she chose to probate the will without the codicil. She then belatedly tried to introduce the codicil in the Chancery case, and when she was not successful, tried to avoid the resulting judgment by trying to admit the codicil to probate.

Given our application of collateral estoppel, we have no need to reach the issue of whether the codicil satisfied the requirements for probate under either New Jersey or New York law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION