**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4500-18T1

AHMED EID,

    Plaintiff-Appellant,

v.

CAPITAL HEALTH,
RENU SHIRGUPPI, M.D.,
CECILIA LAWTON, RN,
ALEX MANALANG, RN,
AHMAD FAROOQ, M.D.,
HOSSEIN SADRZADEH, M.D.,
HARI P. BEZWADA, M.D.,
LINDA MARTIN-MILLS, RN,
and KIM BUDREWICZ,[1]

    Defendants-Respondents.

_____

Argued October 14, 2020 - Decided December 15, 2020

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2313-18.

---

[1] Several parties were improperly pled. The correct titles are Capital Health System, Inc., Renu Shirguppi, D.O., and Cecilia Lawton, CIM.

Ahmed Eid, appellant, argued the cause pro se.

David R. Drake argued the cause for respondents Capital Health System, Inc., Alex Manalang, RN, Ahmad Farooq, M.D., Hossein Sadrzadeh, M.D., Linda Martin-Mills, RN, and Kim Budrewics (Buchanan Ingersoll & Rooney, PC, attorneys; David R. Drake, on the brief).

Robert E. Spitzer argued the cause for respondents Renu Shirguppi, D.O. and Cecilia Lawton, CIM (MacNeill, O'Neill & Riveles, LLC, attorneys; Lauren O'Neill, of counsel; Robert E. Spitzer and Ethan Lillianthal, on the brief).

Gregory J. Giordano argued the cause for respondent Hari P. Bezwada, M.D. (Lenox, Socey, Formidoni, Giordano, Lang, Carrigg & Casey, LLC, attorneys; Gregory J. Giordano, of counsel; Stephanie J. Viola, on the brief).

PER CURIAM

Plaintiff appeals from the May 21, 2019 order dismissing his complaint with prejudice after he failed to produce an affidavit of merit as required under N.J.S.A. 2A:53A-27. We affirm.

On November 2, 2018, plaintiff filed a complaint through counsel, alleging claims of medical negligence against defendants arising out of care and treatment he received while hospitalized at Capital Health in October 2017. Plaintiff alleged he presented to the Emergency Department on October 27, 2017 for a possible overdose of a medication. He stated he was admitted to the

Intensive Care Unit. His next recollection was waking up the following day and being told he had a left hip and femur fracture. Plaintiff alleged he wanted to travel to Florida to see a surgeon but defendants refused to release him. After he arranged his own transportation to Florida, plaintiff states he was advised it was too late to repair the hip. Therefore, he underwent a total hip replacement.

In their answers, defendants requested affidavits of merit in each of their respective specialties. The Capital defendants[2] filed an Answer on December 14, 2018. The initial sixty-day deadline prescribed under N.J.S.A. 2A:53A-27 to produce an affidavit of merit expired on February 15, 2019.

Defendants Shirguppi and Lawton[3] filed an Answer on January 16, 2019. The affidavit of merit for Shirguppi was due March 18, 2019. Defendant Bezwada answered the amended complaint on January 21, 2019. The deadline to present an affidavit as to that defendant was March 22, 2019.

---

[2] We refer to Capital Health Systems, Inc.; Alex Manalang, RN; Ahmad Farooq, M.D.; Hossein Sadrzadeh, M.D.; Linda Martin-Mills, RN; and Kim Budrewics as the Capital defendants.

[3] Lawton was dismissed by stipulation of the parties in April 2019.

The parties attended a <u>Ferreira</u>[4] conference on March 8, 2019. Plaintiff's counsel's request for an additional extension to procure affidavits of merit was granted; the date to file affidavits of merit was extended to April 15, 2019. A second <u>Ferreira</u> conference was scheduled for April 9, 2019.

Counsel convened on April 9, 2019 to discuss with the court the status of the affidavits of merit.[5] Plaintiff's counsel advised the court he was not able to obtain the necessary affidavits of merit. Defense counsel requested the court dismiss the complaint. However, since there was still time before the statutory deadline for some defendants expired, the court entered an order that provided that the affidavit of merit for the Capital defendants was due April 15, 2019; the affidavit for Shirguppi was due May 16, 2019, and an affidavit for Bezwada was due May 21, 2019. The order further stated: "Failure to file a timely Affidavit of Merit will result in dismissal with prejudice[.]"

---

[4] <u>Ferreira v. Rancocas Orthopedic Assocs.</u>, 178 N.J. 144, 154–55 (2003).

[5] The April 9 proceeding clearly relates and was referred to during the subsequent May 21 hearing and provides appropriate context of the sequence of events that ultimately resulted in the dismissal of the complaint. Although plaintiff did not order a transcript of the May 9 proceeding, it has since been furnished to us by defense counsel at their expense, the costs of which shall not be shifted to plaintiff. <u>See</u> <u>Noren v. Heartland Payment Sys.</u>, 448 N.J. Super. 486, 500 (App. Div. 2017).

A-4500-18T1

After plaintiff failed to produce an affidavit of merit, Shirguppi moved to dismiss the complaint under N.J.S.A. 2A:53A-29.[6] Therefore, the court held a conference on May 21, 2019 and heard argument on defendants' motion and applications.

Plaintiff appeared pro se, advising the court his attorney had withdrawn as his counsel, and given him a substitution of counsel.[7] Plaintiff also told the court his counsel informed him he was unable to procure an affidavit of merit for any of the defendants. Plaintiff did not request additional time to procure affidavits of merit. Instead, he provided the court with numerous documents and asserted he did not need an affidavit of merit. Plaintiff contended the common knowledge exception was applicable to his circumstances, exempting him from the statutory requirement.

Defense counsel argued that more than 120 days had passed since the filing of their answers and no affidavits had been produced. Counsel urged the

---

[6] When plaintiff did not file an affidavit of merit as to the Capital defendants by April 15, 2019, their counsel wrote to the court the following day advising of the status and requesting a dismissal with prejudice pursuant to the court's April 9, 2019 order.

[7] The record does not contain a substitution of counsel.

A-4500-18T1

court to enforce its April 9 order and dismiss the complaints with prejudice for plaintiff's failure to procure an affidavit of merit.

After reviewing plaintiff's documents, which the court described as medical records, the court stated there was no document that opined that any defendant had breached the applicable standard of care. The court advised plaintiff that his complicated allegations required a medical expert to give an opinion that the respective defendants were negligent.

The court further noted that on each occasion the status of the affidavit of merit was discussed with plaintiff's counsel, it was evident that counsel "was working really hard to try to find somebody, anybody, to give you an affidavit of merit for your case." Because plaintiff was accorded the maximum statutory period of time to procure an affidavit of merit, the court dismissed plaintiff's complaint against all defendants with prejudice.

On appeal, plaintiff contends the trial court erred in dismissing his complaint because the common knowledge exception is applicable under the circumstances, exempting him from having to produce an affidavit of merit. We disagree.

Under N.J.S.A. 2A:53A-27, a plaintiff who alleges medical negligence by a licensed professional must include an affidavit from a medical expert in the

A-4500-18T1

professional's field within sixty days of the filing of the answer. The affidavit must provide that there exists a reasonable probability the standard of care exercised in the alleged malpractice fell outside the acceptable professional or occupational standards. Cowley v. Virtua Health Sys., 242 N.J. 1, 8 (2020).

In limited cases, our Supreme Court has allowed an exception to the affidavit requirement. The common knowledge exception may be applied where a "person of reasonable intelligence" could use "common knowledge" to determine whether there was a deviation from a standard of care. Id. at 9. In those rare cases, an expert's testimony is not necessary and therefore not required.

We review de novo the issue of whether plaintiff's cause of action is exempt from the affidavit of merit requirement. Triarsi v. BSC Group Servs., LLC, 422 N.J. Super. 104, 113 (App. Div. 2011). We therefore owe no deference to the trial court's interpretation of the law. Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009) (citing Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995)).

To conduct our review, we must begin with plaintiff's allegations. In the complaint prepared by counsel, plaintiff stated he "presented to defendant Capital's emergency room with complaints of ingesting too much medication.

On that date plaintiff recalled that a medical provider shined a light into plaintiff's eye and that is all plaintiff can recall following his stay in the emergency room."  He continued:

> According to the records, plaintiff had a seizure while in the emergency room and was discharged and admitted [to] the ICU at defendant's hospital under the service of defendant Farooq.  On October 28, 2017, two days later, when plaintiff awoke, plaintiff was in excruciating pain to his left leg.  At that time, it was discovered that plaintiff suffered from a left hip and femur fracture.  Plaintiff wanted to leave the hospital to see his surgeon in Florida, but was kept against his will by the defendants at the hospital until November 10, 2017.  Plaintiff arranged by himself helicopter transportation to Florida.  However, by the time that plaintiff arrived in Florida, a surgical procedure to save the hip was impossible resulting in plaintiff undergoing a total hip replacement.

Plaintiff alleged each of the Capital defendants owed him a duty of care, which was breached because they did not provide appropriate care, left him untreated and did not diagnose his fracture in a timely manner.  As a result of the negligence, plaintiff asserted he suffered "substantial and permanent injuries, including pain and suffering, [and] the need to undergo medical procedures."  In his amended complaint, plaintiff repeated his allegations against the new defendants Shirguppi, Lawton, Manalang, and Bezwada.

Defendants are, respectively, emergency physicians, orthopedic surgeons, internal medicine physicians, and registered nurses. An average juror could not realistically understand each of the medical professional defendant's roles in the care and treatment of plaintiff in order to evaluate whether they adhered to applicable standards of care. Here, in this complicated scenario of allegations and overlapping medical specialties, a juror requires the benefit of expert opinion to explain the standard of care required of each professional, and whether the professional breached his or her standard of care. Morlino v. Med. Ctr. of Ocean Cnty., 152 N.J. 563, 578-79 (1998).

The common knowledge exception was inapplicable here. Plaintiff was required to produce an affidavit of merit for each of the medical professional defendants. Plaintiff was accorded the statutorily permitted maximum time of 120 days to procure the affidavits but he and his counsel were unable to do so. See N.J.S.A. 2A:53A-27. Without the proper affidavit, plaintiff cannot support his claims. Therefore, the complaint was correctly dismissed with prejudice.[8]

---

[8] Plaintiff has not asserted or otherwise shown that "extraordinary circumstances" exist to justify his non-compliance with the statute. See, e.g., Ferreira, 178 N.J. at 154; Palanque v. Lambert-Wooley, 168 N.J. 398, 404-05 (2001); Balthazar v. Atl. City Med. Ctr., 358 N.J. Super. 13, 25-26 (App. Div. 2003) (holding complaint will be dismissed without prejudice only when plaintiff demonstrates extraordinary circumstances prevented statutory compliance).

See N.J.S.A. 2A:53A-29 (stating the failure to provide an affidavit or its legal equivalent is "deemed a failure to state a cause of action").

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4500-18T1