**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2474-22

CLARA D. MARADIAGA,
individually & as Guardian Ad
Litem for CASELYNN
RODRIGUEZ,

     Plaintiff-Appellant,

v.

PROGRESSIVE INSURANCE
COMPANY,

     Defendant-Respondent,

and

LUCSON PRESUME and USC-
KUNGS, LLC,

     Defendants.

_____

Argued April 9, 2024 – Decided April 17, 2024

Before Judges Mayer, Enright and Augostini.

On appeal from the Superior Court of New Jersey, Law
Division, Passaic County, Docket No. L-1615-20.

Caesar Brazza argued the cause for appellant (Brazza Law, LLC, attorneys; Caesar Brazza, on the briefs).

Robert A. Maren argued the cause for respondent (Vella & Maren, attorneys; Robert A. Maren, on the brief).

PER CURIAM

Plaintiff Clara Maradiaga appeals from an April 14, 2023 order granting defendant Progressive Insurance Company (Progressive) summary judgment and dismissing plaintiff's complaint with prejudice. We affirm.

I.

We glean the facts from the motion record. On December 18, 2019, plaintiff was driving with her daughter in her leased 2019 Honda Odyssey and struck a vehicle driven by defendant Lucson Presume and owned by defendant USC-Kungs, LLC. Plaintiff and her daughter reportedly sustained injuries from the accident, and plaintiff's vehicle was later deemed to be a "total loss."

Plaintiff leased the 2019 Honda Odyssey from Honda Financial Services (HFS). She purchased automobile insurance for the car from Progressive. Her insurance policy was in effect on the date of the accident and included comprehensive and collision coverage, personal injury protection (PIP), and rental reimbursement. Plaintiff's comprehensive and collision coverage was

2

A-2474-22

limited to the actual cash value of the vehicle, less the deductible amounts stated in the policy.

Plaintiff had the option to buy "loan/lease payoff coverage"[1] from Progressive but elected not to purchase this coverage. The section of the policy explaining "loan/lease payoff coverage" stated, in part:

> If you pay the premium for this coverage, and the covered auto for which this coverage was purchased is deemed by us to be a total loss, we will pay, in addition to any amounts otherwise payable under this [section of the policy], the difference between:
>
> > 1. the actual cash value of the covered auto at the time of the total loss; and
> >
> > 2. any greater amount the owner of the covered auto is legally obligated to pay under a written loan or lease agreement to which the covered auto is subject at the time of the total loss . . . .
>
> . . . .
>
> However, our payment under this coverage shall not exceed the limit of liability shown on the declarations page. The limit of liability is a percentage of the actual cash value of the covered auto at the time of the loss.
>
> This coverage applies only if you have purchased both Comprehensive Coverage and Collision Coverage for

---

[1] "Loan/lease payoff coverage" is also known as "gap" coverage. This type of coverage pays the difference between the cash value of a vehicle and the insured's financial obligation under a financing agreement, such as a loan or lease, with the vehicle financing company.

A-2474-22

that <u>covered auto</u> and the loss is covered under one of those coverages.

Following the accident, plaintiff submitted a claim to Progressive for collision coverage and asked the carrier to pay off the balance due on her lease with HFS. She also submitted a PIP claim for medical bills related to the injuries she allegedly sustained from the accident. Progressive denied coverage, asserting plaintiff made material misrepresentations in her insurance application regarding where the Honda was garaged.

In June 2020, plaintiff filed a complaint against Progressive for breach of contract, breach of fiduciary duty, bad faith, equitable relief, and property damage. She alleged "[t]he total financed amount [for the Honda] was $40,367.40" and that because defendant "declined to cover . . . [her] for her property damage and[/]or [a] rental car," she was compelled to continue making lease payments due on the Honda.

In April 2021, HFS took possession of the Honda and sold it at an auction for $17,200. After crediting plaintiff for this sum against what she owed on the lease, and adjusting for miscellaneous other fees plaintiff owed for the repossession of the car, HFS demanded plaintiff pay the "deficiency balance" on the lease totaling $19,308.33.

A-2474-22

In November 2022, plaintiff settled any claims she and her daughter had against defendants Lucson Presume and USC-Kungs, LLC. Plaintiff did not notify Progressive of the settlement before it was finalized.

Because plaintiff's complaint against Progressive was dismissed and reinstated at various times throughout this litigation, the discovery end date was extended multiple times. Therefore, existing trial dates were rescheduled. The parties' last trial date was scheduled for May 1, 2023.

On March 17, 2023, defendant moved for summary judgment. Plaintiff filed opposition to the motion. Judge Citrino heard argument on the motion on April 14, 2023. During the hearing, Progressive argued that because plaintiff settled claims with defendants USC-Kungs, LLC and Lucson Presume without notifying Progressive, she was barred from recovering from the carrier on her property damage claims, pursuant to the subrogation clause in her policy. Further, because HFS repossessed and sold the Honda, and only sought to have plaintiff pay the deficiency balance on her lease, Progressive argued plaintiff already received credit for the value of her car and "there [we]re no proofs to show . . . a recoverable right for the value of the vehicle."

A-2474-22

Plaintiff's counsel argued Progressive's motion should be dismissed as untimely under Rule 4:46-1,[2] considering it was returnable less than thirty days before the scheduled trial date. Further, counsel argued plaintiff was entitled to monetary damages because "she ended up paying an additional $500 a month for" her leased vehicle for "either six or seven months until [Honda] took that vehicle back," adding, "[t]hat is the entire claim of this underlying lawsuit." Additionally, plaintiff's counsel withdrew plaintiff's PIP claim because it "[wa]s not even an issue in this case," as plaintiff's medical bills were "either paid or payable."

Following argument, Judge Citrino entered an order granting Progressive's motion and dismissing plaintiff's complaint with prejudice. In a cogent written opinion accompanying the April 14, 2023 order, the judge rejected plaintiff's procedural argument that Progressive's summary judgment motion should be dismissed as untimely. The judge acknowledged Progressive "filed the [summary judgment] motion on March 17, 2023" and "the trial date . . . ha[d] been assigned as May 1, 2023, [so] the motion [wa]s . . . returnable [seventeen] days prior to the trial date, in violation of R[ule] 4:46-1."

---

[2] Rule 4:46-1 provides, in part, "[a]ll motions for summary judgment shall be returnable no later than [thirty] days before the scheduled trial date, unless the court otherwise orders for good cause shown."

However, the judge found "[p]laintiff . . . had ample opportunity to respond and file [o]pposition [to the summary judgment motion], which [plaintiff] ha[d] done." Therefore, the judge concluded it was appropriate to "proceed to rule on Progressive's motion."

Next, Judge Citrino found that although plaintiff sought damages against Progressive for the payoff of her Honda lease, plaintiff lacked standing on this claim. The judge reasoned, "even if Progressive did not disclaim coverage and did not allege that [p]laintiff misrepresented the location of her [garaged] vehicle, . . . [p]laintiff did not have coverage for the reimbursement she s[ought]." The judge explained:

> [p]laintiff instituted the present action "to pay off the lease payments[ ]and[/]or pay the value of the car at the time of the loss.". . . According to the [letter] sent to [p]laintiff from H[FS], the owner of the [Honda] [p]laintiff leased, H[FS] s[ought] $19,308.33 pursuant to the remaining lease balance. . . . [U]nder the Outline of Coverage in the policy, . . . there [wa]s no premium listed for [l]oan/[l]ease [p]ayoff [c]overage, and thus [p]laintiff was not insured for [l]oan/[l]ease [p]ayoff [c]overage . . . . Due to the fact . . . [p]laintiff did not pay a premium for the [l]oan/[l]ease [p]ayoff [c]overage, she was not covered for any repayment from Progressive for her loan payments. Therefore, [p]laintiff has no standing to bring a claim upon the insurance policy.
>
> For the foregoing reasons, Progressive's motion is granted.

A-2474-22

## II.

On appeal, plaintiff argues: (1) "[a]n insurance carrier cannot disclaim coverage" on a policy while "seek[ing] protections under that [allegedly] voided[ ]policy"; (2) the judge erred in dismissing the "complaint without ruling on whether material issues of fact were present and despite material issues of fact being in dispute"; (3) the judge mistakenly "failed to discuss the [e]stablished [m]aterial [i]ssues of [f]act regarding [b]reach of [c]ontract . . . . [b]reach of [f]iduciary [d]uty . . . . and [b]ad[ f]aith"; (4) the judge erred in considering Progressive's "last-minute summary judgment motion despite its illegitimate return date"; and (5) "[a] lack of standing to pursue a single claim does not equate to a lack of standing to pursue all claims." These arguments fail.

"The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate substantial[,] and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)). However, we owe no special deference to the trial court's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)). Moreover, "[w]hen

8

a trial court's decision turns on its construction of a contract, appellate review of that determination is de novo." Manahawkin Convalescent, 217 N.J. at 115.

"We review a grant of summary judgment de novo, applying the same standard as the trial court." Norman Int'l, Inc. v. Admiral Ins. Co., 251 N.J. 538, 549 (2022) (quoting Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). Thus, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the nonmoving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013)

A-2474-22

(quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).

To prevail on a breach of contract claim, a plaintiff must show: (1) a valid contract exists; (2) the defendant breached the contract; and (3) plaintiff suffered resulting damages. See Goldfarb v. Solimine, 245 N.J. 326, 338-39 (2021); see also Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016). To establish a claim for breach of fiduciary duty, a plaintiff must show: (1) a duty was owed to the plaintiff; (2) the duty was breached; (3) the plaintiff was injured as a result of the breach; and (4) the breaching party caused that injury. See Namerow v. PediatriCare Assocs., LLC, 461 N.J. Super. 133, 146 (Ch. Div. 2018).

We also recognize "every insurance contract contains an implied covenant of good faith and fair dealing." Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 604 (2015) (quoting Wood v. N.J. Mfrs. Ins. Co., 206 N.J. 562, 577 (2011)). "As an extension, 'an insurance company owes a duty of good faith to its insured in processing a first-party claim.'" Ibid. (quoting Pickett v. Lloyd's, 131 N.J. 457, 467 (1993)).

An insurer's bad faith "can be established by showing that no debatable reason existed for the denial of benefits." Taddei v. State Farm Indem. Co., 401 N.J. Super. 449, 460 (App. Div. 2008). However, "[t]he standard requires that

'a claimant who could not have established as a matter of law a right to summary judgment on the substantive claim would not be entitled to assert a claim for an insurer's bad-faith refusal to pay the claim.'" Id. at 461 (quoting Pickett, 131 N.J. at 473).

Guided by these principles, we have no reason to disturb the challenged order. We add the following brief comments.

Here, it is uncontroverted that Progressive filed its summary judgment motion less than thirty days prior to the May 1, 2023 trial date and contrary to Rule 4:46-1. However, we decline to conclude, as plaintiff contends, the judge erred in considering the merits of the motion. As the judge aptly noted, "[d]ue process is not a fixed concept," and "the summary judgment rule does not 'establish rigid requirements that must be met in every case for due process demands to be satisfied.'" See Seoung Ouk Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461, 473-74 (App. Div. 2015). Therefore, although we do not condone Progressive's belated filing of its summary judgment motion, we agree with the judge's finding that plaintiff "had ample opportunity to respond and file [o]pposition," to Progressive's motion and "ha[d] done" so. Because it is evident plaintiff was not denied due process and was not prejudiced by the late filing, we discern no error in the judge's decision to consider the merits of the motion.

Similarly, there is no reason to second-guess Judge Citrino's determination that plaintiff lacked standing to pursue a claim for the payoff of her lease, considering plaintiff did not purchase loan/lease payoff coverage from Progressive. Moreover, we are convinced plaintiff's remaining theories of recovery were properly rejected by the judge as unsupported in the record. In fact, it is uncontroverted HFS owned plaintiff's Honda, and therefore, only HFS was entitled to retain the auction proceeds from the car after it was deemed a total loss and sold. Further, the car's salvage value was credited against the remaining amount plaintiff owed HFS under her lease, and HFS did not seek a contribution from plaintiff for the value of the vehicle. Instead, HFS only demanded that she pay the balance of her lease payments. Therefore, she had no comprehensive and collision claims upon which relief could be granted.

Next, as we discussed, plaintiff voluntarily withdrew her PIP coverage claim. Also, she provided no documentation to the trial court in opposition to the summary judgment motion to support her claim for reimbursement on a rental vehicle, nor was this claim addressed during argument on the motion. Instead, the focal point of counsel's argument was plaintiff's lease payoff claim, and he told Judge Citrino this claim was "the entire claim of this underlying lawsuit."

In sum, because plaintiff failed to purchase lease payoff coverage from Progressive, the carrier owed her no duty to reimburse her for any outstanding lease payments on her vehicle. Thus, Judge Citrino correctly found plaintiff "did not have coverage for the reimbursement she s[ought]" and "no standing to bring a claim upon the insurance policy."

To the extent we have not addressed plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2474-22