<div style="border:1px solid black">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3603-22

HELEN CIGARROA,

 Plaintiff-Appellant,

v.

TOWN OF HARRISON,
COUNTY OF HUDSON,
20 GREEN STREET ASSOCIATES,
LLC, SHAFTO HOLDING, LLC,
and GARCES, GRABLER, &
LEBROCQ, PC,

 Defendants-Respondents.

_____

  Argued April 9, 2024 – Decided April 18, 2024

  Before Judges Enright and Augostini.

  On appeal from the Superior Court of New Jersey, Law
  Division, Hudson County, Docket No. L-0905-19.

  Daniel Robert Druckman argued the cause for appellant
  (Druckman and Hernandez P.C., attorneys; Jonathan S.
  Druckman, of counsel and on the briefs; Randi Susan
  Greenberg, on the briefs).

Christopher Kennedy Harriott argued the cause for respondent Town of Harrison (Florio Kenny Raval, LLP, attorneys; Edward Joseph Florio, of counsel; Christopher Kennedy Harriott, on the brief).

PER CURIAM

Plaintiff Helen Cigarroa appeals from an August 27, 2021 order granting summary judgment in favor of defendant Town of Harrison (Harrison), and dismissing her complaint with prejudice. We affirm, substantially for the reasons set forth in Judge Christine M. Vanek's thoughtful and comprehensive oral opinion.

We summarize the facts from the motion record. On April 1, 2017, plaintiff fell in a municipal parking lot located across the street from her home in Harrison. The fall occurred after plaintiff returned from a drive with her daughter in her daughter's car. Plaintiff's daughter parked the car in the municipal parking lot. As plaintiff exited the car and walked towards the rear of the vehicle, she stepped into a pothole and fell. The right side of her body struck the ground, causing her to sustain a fractured right foot.[1]

---

[1] Plaintiff's injuries were exacerbated by a subsequent fall at a different location in July 2017.

A-3603-22

The municipal lot where plaintiff fell is cleaned on Tuesdays and Fridays by street sweepers employed by Harrison's Department of Public Works (DPW). Harrison relies on reports from citizens and its DPW employees to alert the town to any location needing a pothole repair. Although Harrison does not have employees specifically dedicated to locating potholes, the town documents any reports of potholes it receives and the pothole repairs it makes. Prior to plaintiff's April 2017 fall, Harrison had no record the pothole that caused plaintiff's fall existed or needed repair.

In March 2019, plaintiff filed a complaint against Harrison and the County of Hudson, seeking damages for the injuries she sustained during the April 2017 fall.[2] Her claims against Hudson County were dismissed without prejudice in October 2019.

In July 2021, Harrison filed a motion for summary judgment. On August 30, 2021, Judge Vanek heard argument on the motion and granted it the same day. In her cogent oral opinion, the judge noted plaintiff retained an "engineering expert, Charles J. Witczak[,] . . . [who] visited and inspected the

---

[2] In her complaint, plaintiff also identified defendants 20 Green Street Associates, LLC, Shafto Holding LLC, and Garces, Grabler, & LeBrocq PC as liable for injuries she sustained in her July 2017 fall. These defendants are not involved in this appeal.

A-3603-22

site where [p]laintiff fell," and that Witczak opined "defendant failed to protect the safety of pedestrians utilizing the [lot] in question by not correcting the hazardous condition created by the uneven and excessively sloped surface present at the site."

Judge Vanek also found the lot where plaintiff fell was maintained by Harrison. The judge observed that "[t]he Superintendent of Public Works for Harrison testified that the parking lot where . . . plaintiff fell [wa]s swept every Tuesday and Friday by a street sweeper vehicle." Further, the judge found "[t]he existence of a pothole in the . . . lot was not reported prior to April 1[], 2017" and that Witczak "d[id] not set forth any opinion as to how long [ago] the alleged condition that [he] discovered at the time of [his] site inspection on June 17, 2017[] was created[,] [n]or [opine it] would be readily observable on inspection."

Next, Judge Vanek explained:

> to impose liability on a public entity, [a] plaintiff must establish the existence of a dangerous condition on the public entity's property, pursuant to N.J.S.A. 59:4-2, that the condition proximately caused the injury and created a reasonably foreseeable risk of the kind of injury which was incurred[, a]nd that the dangerous condition was caused by a negligent employee[,] or the entity knew about the condition and . . . the entity's conduct was palpably unreasonable.

The judge found plaintiff's "expert report[] detail[ed] . . . the size of the alleged pothole in the parking lot," which was "sufficient to establish a genuine issue of material fact as to whether the pothole created a dangerous condition." But she also stated, "that d[id not] end the [court's] inquiry" because plaintiff still had to "establish . . . a genuine issue of material fact with regard to actual or constructive notice" to prevail on her claim against Harrison under the Tort Claims Act (TCA or Act), N.J.S.A. 59:1-1 to 12-3.

Next, the judge found it was "undisputed . . . Harrison had no actual notice of the pothole in question prior to . . . plaintiff's accident." Regarding whether Harrison had constructive notice of the pothole at issue, the judge found "[p]laintiff . . . failed to establish a genuine issue of material fact as to whether the alleged pothole existed for such a length of time that it should have been discovered as a dangerous condition through the exercise of reasonable diligen[ce] on the part of [d]efendants." Further, the judge concluded plaintiff failed to "ma[ke] any observations about the [pothole] condition prior to April 1[], 2017," despite living across the street from the lot where she fell, "nor d[id p]laintiff know what caused the pothole, how long it existed prior to April 1[], 2017, or whether anyone else had ever fallen in the pothole." After finding plaintiff's expert also failed to "provide[] any evidence as to the length of time

5

that the subject pothole existed," the judge stated, "the court cannot find . . . there is a factual issue as to whether . . . plaintiff established that the condition existed for such a time that the public entity[,] in d[ue] care[,] should have discovered the condition and its dangerous character."

Finally, the judge found "the record d[id] not contain evidence to permit a rational factfinder to conclude that . . . [Harrison]'s conduct was palpably unreasonable." She reasoned that "the existence of the pothole was not reported prior to April 1[], 2017," and there was no "evidence that the pothole existed for such a length of time unreported that it created a dangerous condition." Accordingly, she granted Harrison's motion for summary judgment and entered a conforming order that day.[3]

On appeal, plaintiff contends Judge Vanek mistakenly "drew all inferences against . . . plaintiff rather than the reverse." Plaintiff also argues that because she "presented sufficient evidence to create a jury question as to defendant's constructive notice of the condition that caused her to fall," "summary judgment in favor of defendant should be reversed." These arguments fail.

---

[3] Although the summary judgment order states it was entered "for the reasons set forth on the record on August 30, 2021," the order was inadvertently dated August 27, 2021.

A-3603-22

"We review a grant of summary judgment de novo, applying the same standard as the trial court." Norman Int'l, Inc. v. Admiral Ins. Co., 251 N.J. 538, 549 (2022) (quoting Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). Thus, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). We accord no special deference to the trial court's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

A-3603-22

The TCA limits the liability of public entities in New Jersey, permitting aggrieved parties to bring tort actions against such entities only within strictly defined parameters. O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344-45 (2019). "The Act's 'guiding principle' is 'that immunity from tort liability is the general rule and liability is the exception.'" Id. at 345 (quoting D.D. v. Univ. of Med. and Dentistry of N.J., 213 N.J. 130, 134 (2013)).

A public entity's liability for an injury occurring on its property is circumscribed by N.J.S.A. 59:4-2, which provides:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> > a.  a negligent or wrongful act or omission of an employee of the public entity within the scope of [their] employment created the dangerous condition; or
> >
> > b.  a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to

A-3603-22

protect against the condition or the failure to take such action was not palpably unreasonable.

Stated more plainly, a plaintiff bringing an action under the TCA must prove: (1) "the [public] property was in a dangerous condition"; (2) "the dangerous condition created a foreseeable risk of, and actually caused, injury to plaintiff"; (3) the public entity "knew of the dangerous condition"; and (4) the public entity's action "to protect against the dangerous condition was palpably unreasonable." Muhammad v. N.J. Transit, 176 N.J. 185, 194 (2003). Palpably unreasonable behavior is behavior "patently unacceptable under any given circumstance." Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 459 (2009) (quoting Kolitch v. Lindedahl, 100 N.J. 485, 493 (1985)). For behavior to be "palpably unreasonable," "it must be manifest and obvious that no prudent person would approve of [the] course of action or inaction." Ibid. (quoting Kolitch, 100 N.J. at 493).

Pursuant to N.J.S.A. 59:4-3:

> a. A public entity shall be deemed to have actual notice of a dangerous condition . . . if it had actual knowledge of the existence of the condition and knew[,] or should have known[,] of its dangerous character.
>
> b. A public entity shall be deemed to have constructive notice of a dangerous condition . . . only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that

9

the public entity, in the exercise of due care, should have discovered the condition and its dangerous character.

[N.J.S.A. 59:4-3(a) and (b).]

"The mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013) (alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)). "Whether a public entity is on actual or constructive notice of a dangerous condition is measured by the standards set forth in N.J.S.A. 59:4-3(a) and (b), not by whether 'a routine inspection program' by the [public entity] . . . would have discovered the condition." Polzo v. Cnty. of Essex (Polzo II), 209 N.J. 51, 68 (2012).

Here, plaintiff provided no proof Harrison had actual notice of the pothole condition where she fell. Therefore, the issue before us—as it was before the trial court—is whether Harrison had constructive notice of the pothole prior to plaintiff's April 2017 fall. Consistent with the standards we have enunciated, absent proof Harrison had constructive notice of the pothole that allegedly caused plaintiff's fall, she cannot prevail on her TCA claim.

Plaintiff argues she presented sufficient evidence to show "an issue of material fact as to constructive notice . . . of the condition that caused [her] fall,"

because "[t]he sheer size of th[e] pothole, together with the condition of the striping and the surrounding area, [wa]s sufficient to justify an inference of constructive notice" to defendant. Additionally, she contends her expert did not need to opine on how long the pothole existed before her fall because "[o]ne need only look at any of the photographs [of the pothole] to realize that a condition of this magnitude took time to form." We are not persuaded.

As Judge Vanek correctly noted, without proof Harrison had actual notice of the pothole condition, it was incumbent upon plaintiff to show Harrison had constructive notice of this "dangerous condition" by demonstrating "the condition . . . existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3(b). We agree with the judge that plaintiff's proofs were lacking as to the length of time the pothole existed. Therefore, we have no reason to disturb the judge's finding that there were no genuine issues of material fact precluding her from concluding, as a matter of law, Harrison lacked constructive notice of the pothole prior to plaintiff's accident. Accordingly, Harrison was entitled to summary judgment and dismissal of plaintiff's complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3603-22